**Bonifacio Cervantes DIAZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–236–CR.**

Court of Appeals of Texas, Corpus Christi.

June 3, 1982.

Ricardo Garcia, San Benito, for appellant.

Reynaldo Cantu, Jr., Cameron County Dist. Atty., Brownsville, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

### OPINION

UTTER, Justice.

This is an appeal from a conviction of rape of a child. After trial by jury, the court assessed punishment at five years. Appellant alleges three grounds of error. The State has filed no brief.

In his first ground of error, appellant alleges that the trial court violated his right to confrontation by granting the State's motion in limine to forbid the appellant from making any reference before the jury panel or the jury regarding the prior sexual conduct, if any, of the victim. The victim was thirteen years old. Tex. Penal Code Ann. § 21.09(b) (Vernon Supp. 1982) provides:

"It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse."

Promiscuous sexual behavior of the victim is no defense to statutory rape when the female is 13 years or younger. If promiscuous behavior is no defense, we fail to see how the motion in limine denied appellant his right to confront the witness. In addition, we note that in spite of the motion in limine, appellant asked the victim if she had engaged in sexual intercourse with the appellant prior to the alleged offense and, before the State's timely objection to the question, the victim responded in the affirmative. Once again, we fail to see any merit in appellant's complaint with the witness having answered the question and the statute allowing no defense on account of the victim's prior sexual behavior.

In his second ground of error, appellant contends that he was placed in double jeopardy. On September 8, 1980, both the State and the appellant announced ready for trial. A jury was then selected and impaneled. On September 9, the State filed a motion for continuance, which the trial court granted. The jury was dismissed, and the case re-set. On September 22, 1980, another jury was selected. Appellant's case then proceeded to trial.

Jeopardy attaches when a jury is impaneled and sworn. *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App.1979). In this case, the only information pertaining to the selection of the first jury is contained in the docket sheets, which show that on September 8th, "jury selected and impaneled."

"Impanel" means "the act of the clerk of the court in making up a list of the jurors who have been selected for the trial of a particular cause. All the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case up to the final formation." Black's Law Dictionary, 5th Ed. (1979).

While it is clear from the docket sheets that the first jury was impaneled, nothing in the record indicates that it was ever sworn, one of the essential prerequisites for the attachment of double jeopardy on September 9, 1980. Appellant's second ground of error is overruled.

In his third ground of error, as we understand it, the appellant contends that the trial court erred in not allowing the appellant to call witnesses to impeach the testimony of State's witness, Alicia Villagomez. Outside the presence of the jury, the appellant was afforded an opportunity to explain his request to call these additional witnesses. The trial court ruled that the proffered testimony would be used only to show that Alicia had made past statements contrary to her testimony about the number of times she had been in the defendant's house. It is well settled that a witness may not be impeached on immaterial and collateral matters. *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1980); *Williams v. State*, 542 S.W.2d 131 (Tex.Cr.App.1976). We have reviewed the record and find that the trial court was correct in holding that the proffered testimony related to a collateral matter. Appellant's third ground of error is overruled.

Judgment of the trial court is AFFIRMED.