Calvin R. BOULDING, Appellant,

v.

The STATE of Texas, Appellee.

No. 1103–85.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 12, 1986.

Petition for Discretionary review from Fourteenth Court of Appeals, 14th Supreme Judicial District, 696 S.W.2d 457.

Alvin M. Titus, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson and Glenn Gotschall, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of two counts of sexual abuse of a child, and assessed his punishment on each count at 10 years confinement in the Texas Department of Corrections, and a fine of $5,000.

On appeal, the Houston (14th) Court of Appeals reversed the conviction. *Boulding v. State*, 696 S.W.2d. 457 (Tex.App.— Houston [14th] 1985) holding that appellant was improperly denied the defense of "promiscuity" as defined in the now-repealed V.T.C.A. Penal Code Section 21.10(b). Although that statute specifically limited its application to offenses where the victim was of the opposite sex from the alleged offender, and both appellant and the complainant in this cases are males, the Court of Appeals held that that limiting provision was an unconstitutional violation of the right to equal protection of the laws. That court therefore struck the limiting provision, and held that appellant was improperly denied the defense as provided in the effective portion of Section 21.10(b), *supra.*

However, this Court had previously held that Section 21.10(b), *supra,* did not constitute a violation of the right to equal protection. *Boutwell v. State,* 719 S.W.2d 164 (Tex.Cr.App. 1985). Although *Boutwell* was pending on rehearing at the time the Court of Appeals rendered its decision, our opinions on first rehearing, delivered September 24, 1986, did not address the constitutionality of the statute again, and the State's second motion for rehearing has now been denied. Therefore, the State's petition for discretionary review is summarily granted, Tex.R.App.Pro. Rule 202(k), and the cause is remanded to the Court of Appeals for further consideration in light of *Boutwell v. State,* supra.

ONION, P.J., and TEAGUE, J., dissent to the remand.