Lemieux v. State 






NO. 10-90-212-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â BRYAN THOMAS LEMIEUX,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From County Court at Law
Johnson County, Texas
Trial Court #M90-01834

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Appellant was convicted of displaying harmful material to a minor. See Tex. Penal Code
Ann. Â§ 43.24(b) (Vernon 1989). We will affirm. 
Â Â Â Â Â Â Â Â Â Â A fourteen-year-old boy identified a pornographic video tape, entitled "The Sensuous Spy,"
as the same tape he viewed in Appellant's home with Appellant's permission. He was "sure" it
was the same tape. The court admitted the tape into evidence over an objection that the State had
failed to prove a complete chain of custody for the exhibit. Appellant later asked for an instructed
verdict of "not guilty" on the ground that the State had failed to prove that the tape was the same
one that was shown to the victim and confiscated by police.
Â Â Â Â Â Â Â Â Â Â Appellant's first point is based upon the video tape's admission into evidence. He first
argues that the exhibit was improperly admitted because the victim failed to adequately identify
it. A witness does not have to positively identify an object as being connected with an offense
before it can be admitted into evidence. Jones v. State, 617 S.W.2d 704, 705 (Tex. Crim. App.
[Panel Op.] 1981). Here, the identification was positive enough to authorize the tape's admission
into evidence over an objection related to its identification. 
Â Â Â Â Â Â Â Â Â Â Appellant also argues under point one that the tape was inadmissible because the State
failed to prove a complete chain of custody. This contention is rejected for two reasons. First,
chain-of-custody is not an issue when an object, such as the video tape, has readily identifiable and
distinguishable characteristics. See Hammett v. State, 578 S.W.2d 699, 711 (Tex. Crim. App.
1979) (on rehearing). Second, without any evidence or suggestion of tampering, the chain-of-custody objection went to the exhibit's weight and not its admissibility. See Bird v. State, 692
S.W.2d 65, 70 (Tex. Crim. App. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1238, 89
L.Ed.2d 346 (1986).
Â Â Â Â Â Â Â Â Â Â The court did not abuse its discretion when it admitted the video tape into evidence. Point
one is overruled.
Â Â Â Â Â Â Â Â Â Â The fourteen-year-old victim claimed on both direct and cross-examination during the guilt-innocence phase that he had entered Appellant's residence only one time without Appellant being
there. Appellant contends in point two that the court improperly excluded evidence from a defense
witness who would have testified that the boy entered Appellant's home on more than one occasion
when Appellant was not there. This evidence was admissible, Appellant argues, to impeach the
victim's credibility and to prove that he could have viewed the video tape without Appellant's
knowledge or consent.
Â Â Â Â Â Â Â Â Â Â A party cannot offer extrinsic evidence to impeach a witness on a collateral matter. 
Flannery v. State, 676 S.W.2d 369, 370 (Tex. Crim. App. 1984). Here, the essential question
was whether Appellant knowingly and intentionally displayed the pornographic material to a
minor, not whether the minor was correct about the number of times he had been inside
Appellant's home without Appellant being there. See Diaz v. State, 638 S.W.2d 71, 73 (Tex.
App.âCorpus Christi 1982, no pet.). Thus, the evidence was properly excluded because it was
offered to impeach the minor on a collateral matter. 
Â Â Â Â Â Â Â Â Â Â Moreover, assuming that the evidence was improperly excluded, any error was harmless. 
See Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989). The jury had before it Appellant's
written statement in which he admitted showing the pornographic video tape to the minor, the
video tape itself, and the minor's testimony that Appellant had knowingly allowed him to see the
tape. Appellant does not contend that the tape was not pornographic. Isolating the assumed error
and assessing it against the record as a whole, we conclude beyond a reasonable doubt that the
assumed error did not contribute to Appellant's punishment or conviction. See Tex. R. App. P.
81(b)(2). Point two is overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings and 
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed August 1, 1991
Do not Publish



un:yes'> Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

Â 

Â 

Â 



From the 220th District Court

Bosque County, Texas

Trial Court # 02-10-33702-BCCV

Â 



O R D E R



Â 








Â Â Â Â Â Â Â Â Â  Appellants
Dwain Fagan, Sr. and Rose Lee Fagan filed a second motion for rehearing.Â  The appellate rules authorize a second or
subsequent motion for rehearing only if the court of appeals alters in any way its
judgment or opinion in conjunction with the overruling of a previous
motion.Â  Tex. R. App. P. 49.5; Havner
v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992); Mapco, Inc. v. Forrest, 795 S.W.2d 700, 702 (Tex. 1990).Â 
In overruling AppellantsÂ previous motion for rehearing, this Court did
not alter its judgment or opinion.Â  A
second motion for rehearing not authorized by the rules is a nullity.Â  Mapco,
795 S.W.2d at 702.Â  The second motion for
rehearing is dismissed.

Â 

PER CURIAM

Â 

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice
Reyna

Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissents with a note)

Motion dismissed

Order issued and filed May 18, 2005

Do not publish

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Dissenting Note:Â 
To clarify the procedural posture of this appeal and set with certainty
the time for filing a petition for review, I would use the courtÂs plenary
power to withdraw the opinion and judgment issued February 23, 2005, the dissenting opinion of
Chief Justice Gray issued April
 13, 2005 and reissue them together.