**Ralph Wilbur PAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 367-90.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 27, 1993.

Don Metcalfe, Dallas, for appellant.

Jerry Cobb, Former Dist. Atty., and Gwinda Burns and Nancy Jessee, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant Ralph Wilbur Pawson of sexually assaulting a child, and assessed his punishment at twelve years' confinement and a $10,000 fine. V.T.C.A., Penal Code, Section 22.011(a)(2)(A). On direct appeal, the Court of Appeals reversed the conviction, and remanded the cause for a new trial. *Pawson v. State,* No. 2-89-007-CR (Tex.App.—Fort Worth, delivered January 31, 1990) (nonpublished). We granted the State's petition for discretionary review to determine whether in a prosecution under V.T.C.A., Penal Code, Section 22.011(a)(2), a defendant must claim the victim consented as a prerequisite to raising the promiscuity defense under V.T.C.A., Penal Code, Section 22.011(d)(1).

In *Hernandez v. State,* 861 S.W.2d 908, (Tex.Cr.App., 1993), this Court decided the issue adversely to the State and, in effect, held consent is irrelevant to a prosecution under Section 22.011(a)(2). *Id.,* at 910. Therefore, we overrule the State's ground for review, and affirm the judgment of the Court of Appeals.

WHITE, J., dissents with note:

I respectfully dissent for the reasons set out in the dissenting opinion in *Hernandez v. State,* 861 S.W.2d 908 (Tex.Cr.App., 1993).

BAIRD, J., joins the opinion but dissents to the decision to publish.

MEYERS, J., not participating.

CLINTON, Judge, concurring.

I join the opinion of the Court, and write further, essentially to emphasize certain peculiarities of this particular case that are not found in *Hernandez v. State,* 754 S.W.2d 321 (Tex.App.—Houston [14th] 1988), affirmed 861 S.W.2d 908 (Tex.Cr.App.1993, rehearing denied September 22, 1993), although the facts there are surely bizarre enough.

As pertinent here (November 1, 1986), § 22.011 provides:

"(a) A person commits an offense if the person:

(1) intentionally or knowingly:

(A) causes the penetration of the ... female sexual organ of another person who is not the spouse of the actor by any means, *without that person's consent;*

\* \* \* \* \* \*

(2) intentionally or knowingly:

(A) cause the penetration of the ... female sexual organ of a child *by any means;*

\* \* \* \* \* \*

(c) In this section:

(1) "Child" means a person younger than 17 years of age who is not the spouse of the actor.

(d) It is a defense to prosecution under Subsection (a)(2) of this section that:

(1) the child was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection[.]" [1]

One will immediately notice that whereas subsection (a)(1)(A) requires the rape of any female be "without that person's consent," subsection (a)(2)(A) denounces rape of a child without mentioning the matter of consent. Moreover, in providing a defense of prior promiscuous sexual conduct for rape of a child 14 years of age or older, subsection (d)(1) is also silent about "consent."

Nevertheless, the trial court below and the State in the court of appeals and seemingly now would require the accused to show that

1. Emphasis supplied here and throughout the opinion is mine unless otherwise indicated.

2. We also explained that "the plain language of § 22.011 does not lead to the absurd consequences feared by the State[.]" Opinion, at 909. In that this Court adhered to the admonishment that courts should not readily find the plain meaning of a statute absurd as a justification for resorting to extratextual aids.

"This exception remains a legitimate tool of the judiciary ... only as long as the Court acts

his child victim consented to the assault before he may invoke the promiscuity defense. Never mind that the statute itself contains no such requirement. In fact, where once the statutory rape statute expressly made consent an element of the former unchastity defense, the current promiscuity defense on its face contains no such limitation. One would think, in that event, that the plain language of the statute would control, and indeed that is the exact conclusion reached by this Court in *Hernandez.*[2]

As currently formulated, the statute does not present the problem imagined by some, at least in the general run of cases. As Judge Overstreet convincingly demonstrates for the Court in *Hernandez,* thus understood, there is nothing even remotely absurd about the statutory scheme as presently composed.

It is tempting, therefore, simply to conclude that the State pled the wrong theory of sexual assault in this case if it wished to avoid disproving evidence of the complainant's promiscuity. On the facts of the instant case, however, that conclusion is not so facile. For the facts here are peculiar, and do not fit handily within either theory of sexual assault under § 22.011, supra.

The indictment alleges appellant caused the penetration of the female sexual organ of the complainant, his stepdaughter, with his finger. Complainant recounted that once when she was fourteen, after being out with some friends she came home, went into the bedroom of her parents and appellant told her to go into her bedroom so he could "check" her; appellant came into her bedroom and the conduct in question occurred, *viz:*

with self-discipline by limiting the exception to situations where the result of applying the plain language would be, in a genuine sense, absurd, i.e., where it is quite impossible that Congress could have intended the result ... and where the alleged absurdity is so clear as to be obvious to most anyone."
*Public Citizen v. United States Department of Justice,* 491 U.S. 440, at 470–71, 109 S.Ct. 2558, at 2575, 105 L.Ed.2d 377, at 402 (1989) (Kennedy, J., concurring).

"He had me take off my clothes and lay on the bed, and he checked my genital. * * * He took his hand and he was rubbing on it. And he stuck his fingers in it and was rubbing around saying that he was checking for something."

—"it" being her "female sexual organ." I SF 129–35. She further testified she was "afraid" that appellant "was going to try to do something else besides what he was doing." *Id.*, 134. Later on redirect examination she explained that while in her parents' bedroom and in the presence of her mother appellant had said he suspected that she "had been doing drugs or had sex with somebody" and wanted to "check" her; then on cross-examination she admitted her mother had told appellant "to do the checking," "gave him the authority to check [her]." 2 SF 292–293, 332–334.[3] At one point, complainant testified appellant had a belt in his hand during the alleged assault. *Id.*, 252.

But for the presence of the belt, it hardly seems likely that the State could successfully

have prosecuted appellant for sexual assault under § 22.011(a)(1), supra. For, other than that possible threat to use force or violence to compel submission, there appears no other theory supported by the evidence by which the State could prove that the penetration of complainant's sexual organ with his finger was accomplished without her consent as that is defined in § 22.011(b)(2), supra. Moreover, against a theory of forcible sexual assault under § 22.011(a)(1), supra, appellant might successfully interpose the parent-child justification enumerated in V.T.C.A. Penal Code, § 9.61.[4] It appears the State's real concern in this cause is that the statutory scheme might not accommodate the particular facts of this, and other like cases.

That a rational and workable statutory scheme may contain apparent loopholes, however, does not justify judicial inter lineation. Certainly a stepfather's behavior in "checking" his suspected promiscuous stepdaughter in the manner presented here, even in the name of parental discretion, will appear un-

---

3. The record reveals that appellant's suspicions seem well founded; his stepdaughter admitted to certain prior acts of sexual intercourse. The court of appeals summarized her testimony in its unpublished opinion as follows:

"In the present case the complainant testified that she had sexual intercourse at the age of fourteen while drunk at a party. She also admitted to having had sexual intercourse more than once with the same boy. At one point in trial she admitted she told appellant that she had gotten drunk at a party and had sex with more than one boy. She later contradicted this statement."

Pawson v. State (Tex.App.—Fort Worth, No. 2–89–007–CR, delivered January 31, 1990) (Slip op. at 3). In its brief the State correctly points out, however, that this testimony was "proffered evidence" which the trial court would not admit for jury consideration because the prior "consent" was not shown.

Given the undisputed context, query whether the Legislature intended to proscribe supervisory or disciplinary acts done in exercise of parental discretion, much more to require the child to consent to them.

4. § 9.61, supra, reads:

"(a) The use of force, but not deadly force, against a child younger than 18 years is justified:

(1) if the actor is the child's parent or stepparent or is acting in loco parentis to the child; and

(2) when and to the degree the actor reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare.

(b) For purposes of this section, 'in loco parentis' includes grandparent or guardian, any person acting by, through, or under the direction of a court with jurisdiction over the child, and anyone who has express or implied consent of the parent or parents."

Moreover, "[t]he threat of force is justified when the use of force is justified by this chapter." V.T.C.A. Penal Code, § 9.04. If the force or threat that rendered the digital penetration here legally "without consent" was justified under these provisions, it would appear that the penetration itself was not unlawful. But even if these provisions cannot be interpreted to create a defense to forcible digital penetration of a stepdaughter, it at least shows a general legislative attitude that even assaultive conduct on the part of a parent against his child, if it was intended to promote the child's welfare, ought to be immune from state interference. Here, by prosecuting appellant for sexual assault under § 22.011(a)(2), rather than (a)(1), and then persuading the trial court that promiscuity is no defense to sexual assault under the former theory of prosecution, the State has effectively robbed appellant of any recourse whatsoever to parental discretion as a justification for his conduct. Is this what the Legislature intended? See n. 3, *ante.*

seemly at best. In fact, his conduct is apparently illegal if he uses force or threats, § 22.-011(a)(1), supra, to compel her,[5] or if she is between the ages of 14 and 16, inclusive, and he cannot prove promiscuity to the satisfaction of a jury, id., § (a)(2) & (d). Otherwise, however, to hold the accused liable for a second degree felony, § 22.011(f), supra, is to make a judgment that the Legislature has not authorized. While it may be appropriate for the judiciary to decry an apparent statutory gap, we are not at liberty to fill it. Judicially to add an element of consent to the promiscuity defense, as some would require, violates both separation of powers, under Article II, § 1 of the Texas Constitution, and the accused's right under the Due Process Clause and due course of law to be prosecuted under the law as the Legislature wrote it, rather than as judges recast it.[6] Cf. Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

With those additional observations and supplementary comments I join the opinion of the Court.

### APPENDIX

### Ralph Wilbur Pawson v.
### The State of Texas

### I

### A

Early on, like other kinds of handling, "fingering" was regarded in law as an "*inde-cent familiarity*," alone constituting "no more than an aggravated assault."[1] *Enfield v. State*, 94 Tex.Cr.R. 226, 250 S.W. 162 (1923), and cases cited therein; see *Wair v. State*, 133 Tex.Cr.R. 26, 106 S.W.2d 704 (1937); see also *Daywood v. State*, 157 Tex. Cr.R. 266, 248 S.W.2d 479, at 481, 482 (1952) (putting finger in private part is "indecent fondling" under former article 535d, P.C. 1925, and under allegations of indictment aggravated assault not lesser included offense).

Reflecting contemporaneous societal tenets of morality usually expressed in biblical language, our earlier statutes always provided that "rape is the carnal knowledge of a woman" under prescribed circumstances and conditions, including varying treatments of the age of consent from 10 to 18 years. See generally dissenting opinion in *Kruger v. State*, 623 S.W.2d 386, at 387, n. 5; 389, n. 13 (Tex.Cr.App.1981). Regardless of age, however, "carnal knowledge" was the constant offensive core conduct.[2] Moreover, consensual "carnal knowledge" of a female under the age of consent was still rape, e.g., *Edwards v. State*, 78 Tex.Cr.R. 210, 181 S.W. 195 (1915); *Rodgers v. State*, 30 Tex.App.

---

5. But see nn. 3 & 4, ante.

6. Because declaring the public policy of a state is essentially a legislative function, and the legislative power of this State is constitutionally vested in the Legislature in Article III, § 1, "the Legislature has full authority to change the law and thus may depart from a theretofore established public policy." *Scarborough v. Payne*, 198 S.W.2d 917, at 919 (Tex.Civ.App.—San Antonio 1946), error refused.
"There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience." *Texas National Guard Armory Board v. McCraw*, 132 Tex. 613, 126 S.W.2d 627, at 634 (1939). "Whether or not constitutionally sound legislation is fair, wise, just, harsh, complete, expedient, necessary, desirable, or good policy must be decided by the Legislature and not by the courts. [citations omitted]." *McGregor v. Clawson*, 506 S.W.2d 922, at 928 (Tex.Civ.App.—Waco), no writ history.
Over the years the Legislature did indeed exercised its power and authority to depart from prior public policy by changing penal laws proscribing offensive sexual conduct to reflect what it perceived to be evolving societal views and needs. Chronological development of that policy along with judicial recognition and application, as well as editorial comment, is tracked in the appendix to this opinion to demonstrate clarity in the legislative determination of policy.

1. All emphasis here and throughout this appendix is mine unless otherwise indicated.

2. Compare article 528, P.C. 1879 (10 years), *Nicholas v. State*, 23 Tex.App. 317, 5 S.W. 239, at 240 (1887); amended by Acts 1891, p. 96 (12 years), *Nichols v. State*, 32 Tex.Cr.R. 391, 23 S.W. 680 (1893); Article 633, P.C. 1895 (15 years), and article 1183, P.C. 1925 (18 years, with defense of unchaste character if 15 years or older). Article 1183, supra, was derived from Acts 1918, 33rd Leg. 4th C.S., Ch. 50, p. 123 (article 1063, P.C. 1911, as amended), the stated necessity being that "present law defining rape does not furnish adequate protection to young girls of this State." *Id.*, § 2.
"The first element essential to the crime of rape is 'carnal knowledge,' a term that ordinarily signifies sexual intercourse or a completed act of coition. But 'penetration only' need be proved as a basis for conviction, and it has been said that in limiting the 'carnal knowledge' to 'penetration only,' the Legislature intended to eliminate the question of

510, 17 S.W. 1077, 1078 (1891); the State was permitted to adduce evidence of prior consensual intercourse between the same parties in certain circumstances, e.g., *Battles v. State*, 63 Tex.Cr.R. 147, 140 S.W. 783, at 797 (1911); but defendant was precluded from showing as a defense that he, another or others had previously rendered her unchaste, e.g., *Clardy v. State*, 66 Tex.Cr.R. 351, 147 S.W. 568, at 569 (1912); *Foreman v. State*, 61 Tex.Cr.R. 56, 134 S.W. 229, at 230 (1911); *Shoemaker v. State*, 58 Tex.Cr.R. 518, 126 S.W. 887, at 889 (1910).[3]

### B

The statute was amended by Acts 1918, 33rd Leg. 4th C.S., Ch. 50, p. 123 (article 1183, P.C. 1925), introducing the defense of "previous unchaste character" in "consent cases." *Norman v. State*, 89 Tex.Cr.R. 330, 230 S.W. 991 (1931).[4]

'emission' in such cases. Be this as it may, there can be no carnal knowledge without penetration, and this means that the sexual organ of the male entered the sexual organ of the female."

*Calhoun v. State*, 134 Tex.Cr.R. 423, 115 S.W.2d 965, at 967 (1938), quoting approvingly from 35 Tex.Jur. p. 790, § 5; see *Enfield v. State*, 94 Tex.Cr.R. 226, 250 S.W. 162 (1923); *Patton v. State*, 105 Tex.Cr.R. 128, 287 S.W. 51, at 52 (1926); *Buchanan v. State*, 41 Tex.Cr.R. 127, 52 S.W. 769 (1899); *Lujano v. State*, 32 Tex.Cr.R. 414, 24 S.W. 97 (1893).

"A 'chaste woman,' within the meaning of the law as applied to an unmarried woman, signifies one who has had no carnal knowledge of men. [citations omitted]. An 'unchaste' unmarried woman is one who has had carnal knowledge of men, within the meaning of the statute. [citations omitted]." *Norman v. State*, 89 Tex.Cr.R. 330, 230 S.W. 991, at 992 (1921); *Cloninger v. State*, 91 Tex.Cr.R. 143, 237 S.W. 288, at 290 (1921), quoting approvingly from *State v. Dacke*, 59 Wash. 238, 109 P. 1050, 30 L.R.A.(N.S.) 173:

"The term 'of previously chaste character' means the same in law as in morals. It means a female who has never submitted herself to the sexual embrace of a man, and who still retains her virginal chastity. * * * * [I]t certainly cannot be contended that one who, moved by lewd desire and libidinous impulse, submits herself to the carnal embrace of a man from November to July whenever the time and place are opportune, is a female [of previously chaste character] on the 30th day of June.

[An argument that a prosecutrix is exempt from this requirement of chastity] is purely a sentimental one, and, although it may be abhorrent to the moral sense to permit a man to protect himself with the shield of his own wrong, we are dealing with a legal question, and not one of sentiment nor morals; and in order to find a man guilty of [rape of a female child], we must first find a female who can in all its essentials measure up to the requirement of the law charged to be violated. The test of virtue in a woman is a personal and physical test, and when, by reason of her voluntary sin, she has lost her virginal purity, it matters not who contributed to that loss; she is no longer chaste. It is not a sound argument to say that the prosecutrix in this case is immune from rape as to all other men, but not from appellant. The statute makes no such distinction; neither can we."

*Id.*, 237 S.W. at 290–291, holding prior act or acts of intercourse with defendant would render her unchaste under former article 1063, as amended (article 1183, P.C. 1925).

3. One judicial exposition of the necessities of the times *circa* 1910 was made by Judge Harper for the Court in *Battles v. State*, supra, *viz:*

"The hope of our state and nation depends on the purity and preservation of our homes, and the purity of our homes can only be preserved by protecting the virtue of our girls until they arrive at the years of discretion and judgment, and it is the policy of this state, and a wise one, to render every assistance in the accomplishment of that purpose and to punish severely all persons who by insidious means gain the confidence of children for the purpose of defiling them. A girl under 15 years of age can be easily led astray, when taken away from the protecting care of a mother, by one in whom she has confidence, or when solicited by her father or uncle; and a lecherous scoundrel who casts his lascivious eyes on a pure maiden and conceives and forms the design to have carnal intercourse with a child under 15, and by his conduct induces, either through love or fear, the child to submit to his embraces, is a criminal of the type most hurtful of society, and we do not feel inclined to limit the rules of evidence more strictly in that character of case than is applicable to other offenses against the law."

*Id.*, 140 S.W. at 797.

4. Author of many opinions on the matter of "carnal knowledge," Presiding Judge Morrow wrote for the Court:

"The Legislature apparently has selected appropriate language in which to declare that in such a case, the prosecutrix being over 15 years of age when the act was committed, and the proof showing that she was of previous unchaste character, no conviction can result. These facts, being established and found to be true by the jury under suitable instructions,

Under article 1183, as Presiding Judge Onion pointed out in *Wright v. State,* 527 S.W.2d 859, at 862–863 (Tex.Cr.App.1975), "this Court has repeatedly held that if the prosecutrix is 15 years or older the accused in consent cases may show, as a defense, that

> bring into operation the statute which protects the accused and bars the state.
>
> \* \* \* \* \* \*
>
> The statute ... in question was manifestly framed to preserve the purity of females under 18 years of age and to refrain from punishment for rape of one having intercourse with a female over 15 years of age whom the evidence showed to be unchaste at the time the alleged offense was committed."

*Norman v. State,* supra, at 230 S.W. at 992–993 (error to preclude use of evidence of unchaste conduct of female prior to age 15 to establish her unchastity). Accord: *Cloninger v. State,* 91 Tex. Cr.R. 143, 237 S.W. 288 (1921) (prior act or acts of intercourse with appellant rendered her "unchaste" within the meaning of the Act); see *Lyons v. State,* 94 Tex.Cr.R. 566, 252 S.W. 518 (1923) (proof of carnal knowledge before intercourse with appellant is complete defense); see also *Edworthy v. State,* 371 S.W.2d 563, at 565 (Tex.Cr.App.1963) (Opinion on Rehearing).

On the other hand, while the Court acknowledged that consent and unchastity may be provable by circumstantial evidence, it was chary about the relevance and probative value of evidence, short of "carnal knowledge," going to some kinds of behavior coming under the rubric of "lascivious conduct" tending to show one or the other matters, or sundry defensive theories.

As to consent, for example, the Court severely divided in a case involving a woman above age of consent. *Satterwhite v. State,* 113 Tex.Cr.R. 659, 23 S.W.2d 356 (1929). A Commissioners' Decision affirmed the judgment of conviction for rape; on appellant's motion for rehearing Presiding Judge Morrow for the Court granted appellant a reversal for refusal of the trial court to admit certain proffered evidence that on previous occasions while out with other men, complainant had become intoxicated and permitted them "to fondle her person." On State's motion for rehearing Judge Lattimore assayed the changing times as he viewed them, *viz:*

> "... It seems to the writer that it would be far better to adhere to the long-established rules of procedure in Texas in such regard, than fly to speculative ills we wot not of. Young America in 1929 seems not adverse to hugging and kissing friends of the opposite sex, as may have

she was not of previous chaste character, but that unchastity is no defense to prosecution were there is no issue of consent." The cases discussed in note 4, *ante* bear out the first proposition, and by the cases cited in *Wright* the Court seems to be suggesting that the defense provided by the proviso in article 1183 is so closely akin to contesting

> once been the case; but this would hardly justify the legal conclusion that such conduct tends to show lack of chastity. Nor is the fact of one becoming under the influence of strong drink, even if deplorable, to be held in law to involve sexual conduct or other immorality, or even tend in that direction.
>
> It has been held universally in our courts that in rape cases when consent was an issue, the general bad reputation of the prosecutrix for chastity might be shown as having a tendency to weaken the state's claim of non-consent. \* \* \* \* [There are cases allowing proof of acts of intercourse with any man in certain unique circumstances]. They are exceptions to the general rule ... to the effect that testimony of particular instances of intercourse by prosecutrix with others will not be admitted. [citations omitted]. In passing we note that in the case last mentioned the court below excluded the testimony of a witness for the defense who swore that he hugged and kissed prosecutrix, and this court upheld said action of the trial court[, citing an earlier case] wherein the court below refused to allow a defense witness to swear the prosecutrix kissed him; this court observing that from such proof it would not follow that she would allow another man to kiss her."

*Id.,* 23 S.W.2d at 362–363. This view was examined and approved by the Court in *Fletcher v. State,* 141 Tex.Cr.R. 26, 147 S.W.2d 233 (1941), a "gang rape" by force and threats, defendant being the first to penetrate the 15 year old girl who testified she was a virgin at the time. Rejecting his contention that similar circumstantial evidence established her unchastity, Commissioner Krueger explained that on account of her virginity defendant was not entitled to a directed verdict of acquittal "even though the issue of her unchastity might have been raised," *viz:*

> "... However, we do not believe that any female who may take a drink of intoxicating liquor and even kiss or permit friends of the opposite sex to hug and kiss her would be sufficient to raise the issue of her previous unchastity. To so hold might cast suspicion upon a great number of our virtuous women and besmirch their good character. We think this question has been fully and definitely settled by the opinion rendered by this court in the case of *Satterwhite v. State,* [supra]."

*Id.,* 147 S.W.2d at 241.

lack of consent on the part of an adult woman by showing prior consensual sexual intercourse that the converse proposition is sustainable.[5] Note, however, that the *Wright* court was construing only that proviso; it expressly ruled that V.T.C.A. Penal Code, § 21.09(b) "was not applicable at appellant's trial." *Id.*, at 863.

## C

In Chapter 21 (Sexual Offenses) in the "new" penal code enacted in 1973, effective January 1, 1974, among other changes the Legislature isolated in separate statutes the several "rape" offenses denounced in former article 1183, i.e., Section 21.02 (Rape); Section 21.03 (Aggravated Rape); Section 21.09 (Rape of a Child).[6] In others, it converted "child enticing" denounced by former article 535b to Section 21.10 (Sexual Abuse of a Child), and also transformed "child fondling" awkwardly described in former article 535d to a manner of "indecency" in Section 21.-11(a).[7]

In its next session the Legislature enacted amendments and additions to the Penal Code and added an article to the Code of Criminal Procedure. Acts 1985, 64th Leg., Ch. 203, p. 476 (H.B. No. 284). Included was the "Rape Shield Law," § 21.13 (Evidence of Previous Sexual Conduct), in which efforts were

---

**5.** *Brashears v. State*, 461 S.W.2d 122 (Tex.Cr. App.1970), involved a situation in which a *chaste* sixteen year old victim "placed herself in a compromising position which facilitated the rape only because of threats to take the life of her [male] companion." *Id.*, at 124, 126. Defendant could not and did not attempt to avail himself of the proviso in article 1183 by showing unchaste character; rather, he complained, *inter alia*, of the jury charge that presented instructions on both statutory rape and "consent obtained solely by the use of threats[.]" *Id.* at 123. In the course of overruling the ground of error pertaining to the charge, the late Judge Morrison pointed out that "the evidence does not raise the issue of unchastity," and "the portion of the charge which mentioned threats submitted the question of threats as the means by which *consent* was secured, not as the means by which the rape was effected;" remarking irrelevantly that "[u]nchasity is no defense when there is no consent," he concluded:

"... Consent secured by means of threats is not 'consent' under Art. 1183, supra. There is no error in the court's charge, as threats were submitted as part of the *consent* issue. [citations omitted]."

*Id.*, at 123–124.

In *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr. App.1974), the conviction was for "rape by force and threats." *Id.*, at 615. The defendant complained he should have been allowed to prove the victim had prior "sexual relations with many men and was a person of loose morals who probably would not resist her attackers." The Court through Commissioner Cornelius considered his complaint "in the interest of justice." *Id.*, at 615–616. The contention itself and the fact that the age of the female is nowhere mentioned in the opinion would signal that the Court was addressing an evidentiary matter where consent of an adult woman is at issue, rather than a purported defense under the proviso in article 1183; the cases he cites further demonstrate the point.

Finally, the case identified by Presiding Judge Onion as "Lewis" is actually *Murphee v. State*,

500 S.W.2d 165 (Tex.Cr.App.1973). The defendant was convicted on his plea of guilty to statutory rape, the victim being a fifteen year old female. He contended the trial court erred in overruling his motion for new trial on a showing that the victim was married at the time of the offense. The Commissioner's Opinion approved by the Court held the stipulated plea evidence raised no issue of consent and, therefore, unchastity is not a defense, and in any event "sex within the marriage does not render a female unchaste."

*Wright* aside, under article 1183 in cases where consent of an adult woman is at issue, the Court seems to have given defendant rather wide latitude in attacking her *credibility* and the like. See, e.g., *Campbell v. State*, 147 Tex.Cr.R. 192, 179 S.W.2d 547 (1944); *Tyler v. State*, 145 Tex. Cr.R. 315, 167 S.W.2d 755 (Tex.Cr.App.1943). But cf., e.g., *Hindman v. State*, 152 Tex.Cr.R. 75, 211 S.W.2d 182, at 185, 189 (1948) (rules regarding rape by force and threats where consent is at issue not applicable in statutory rape; offense is complete with or without consent); *Fletcher v. State*, 141 Tex.Cr.R. 26, 147 S.W.2d 233, at 238 (1941) (fact of intercourse with female under 18 was rape regardless of whether she resisted or consented thereto).

**6.** As pertinent here § 21.09 provided:

"(a) A person commits an offense if he has *sexual intercourse* with a female not his wife and she is younger than 17 years.

(b) It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in *sexual intercourse*."

In Chapter 21 "sexual intercourse" means "any penetration of the female sex organ by the male sex organ." *Id.*, § 21.01(3).

Acts 1975, 64th Leg., Ch. 342, p. 914, § 8, effective September 1, 1975, amended subsection (b) by adding "or deviate sexual intercourse."

**7.** Former article 535b (Enticing a child for immoral purposes), P.C. 1925, as amended by Acts 1950, 51st Leg., 1st C.S., Ch. 8, p. 49, prohibiting

made to regulate procedure for admitting evidence of specific instances of, opinion evidence and reputation evidence pertaining to, "sexual conduct" of an adult victim of *nonconsensual* offenses under §§ 21.02 through 21.05, i.e., rape, aggravated rape, sexual abuse, and aggravated sexual abuse. Subsection (d) of § 21.13 specifically disclaimed any limiting effect on certain rights of the parties, including as germane here:

"... the right of the accused to produce evidence of promiscuous sexual conduct of a child 14 years old or older as a defense to rape of a child, sexual abuse of a child, or indecency with a child. If evidence ... of promiscuous sexual conduct is admitted, the court shall instruct the jury as to the purpose of the evidence and as to its limited use."

In 1983 the section was renumbered § 22.065 by Acts 1983, 68th Leg., Ch. 977, p. 5315, § 4 (H.B. 2008), and later repealed by Tex.R.Cr. Evid. 412. Evidence of Previous Sexual Conduct; former subsection (d), as modified, is now (e). See generally *Boutwell v. State*, 719 S.W.2d 164, at 168 (Tex.Cr.App.1985); *Allen v. State*, 700 S.W.2d 924, at 937 ff (Tex.Cr. App.1985) (Clinton, J., dissenting).

So far as reasonably diligent research reveals, the Court did not have occasion directly to address continuing viability of the rule under former article 1183 that "previous unchaste character" is a defense in "consent cases." See *ante*. While discussing the issue of corroboration required of a child of eleven years in circumstances prescribed in Article 38.07, V.A.C.C.P., as enacted in 1975 and modified in 1983, however, the Court did opine:

"... Moreover, the prosecutrix in this case was among those class of victims that some statutes, like those denouncing rape of

child, are designed to protect. *V.T.C.A. Penal Code, § 21.09*, makes victims under 17 who have not previously engaged in promiscuous sexual or deviate sexual intercourse and those victims under 14, regardless of prior promiscuous sexual conduct, legally incapable of giving consent to sexual intercourse. Thus, they are not legally responsible for their own undoing and cannot be accomplice witnesses as a matter of law or fact."

*Hernandez v. State*, 651 S.W.2d 746, at 753 (Tex.Cr.App.1983) (Opinion Concurring in Judgment, adopted as Opinion of the Court on Motion for Leave to File Motion for Rehearing, at 754).

Only three courts of appeals considered application of § 21.09 to facts of a rape case, *viz: Diaz v. State*, 638 S.W.2d 71 (Tex. App.—Corpus Christi 1982), No PDR; *Jasso v. State*, 699 S.W.2d 658 (Tex.App.—San Antonio 1985), No PDR; *Moore v. State*, 703 S.W.2d 762 (Tex.App.—Houston [14th] 1985), No PDR. The results on different facts are somewhat mixed.

In *Diaz*, supra, the court rejected a contention that the trial court denied accused his right to confrontation by precluding him from making any reference to prior sexual conduct of the thirteen year old victim of rape, saying: "Promiscuous sexual behavior of the victim is no defense to statutory rape when the female is 13 years or younger." *Id.*, 638 S.W.2d at 72.

The *Jasso* court, supra, correctly believing that one prior instance of sexual intercourse by the 14 year old victim with accused (even though it might render her unchaste) does not establish promiscuity, determined that neither *Edworthy v. State* nor *Cloninger v. State*, both cited *ante*, at note 4, controls, *viz:*

---

any person with "lascivious intent" from inducing a child under fourteen into any place to engage in deviate sexual intercourse or "sodomy" or "fondling sexual or genital parts," was reformed into § 21.10 (Sexual Abuse of a Child).

Former article 535d (Handling or fondling child's sexual parts), P.C. 1925, as added by Acts 1950, 51st Leg., 1st C.S., Ch. 12, p. 52, became a part of § 21.11 (Indecency with a Child); subsection (a)(1) makes it an offense if a person "engages in *sexual contact* with the child." "Sexual

contact" means "any *touching* of the anus, breast, or *any part of the genitals* of another person *with intent to arouse or gratify the sexual desire of any person.*" *Id.*, § 21.01(2).

Just as § 21.09(b) provides a "promiscuity defense" to Rape of a Child, *ante*, so also § 21.10 provides a defense in like terms, and § 21.11(b) prescribes a defense that the 14 years or older child had previously engaged promiscuously in "sexual intercourse," "deviate sexual intercourse" or "sexual contact."

"... Both involved statutory rape offenses under predecessor statutes which provided a defense to the crime existed if it was shown in consent cases that the minor woman was not of previous chaste character.

As pointed out heretofore, the legislature in 1974, when it enacted § 21.09 eliminated the defense of prior unchaste character and replaced it with one requiring a showing of promiscuous sexual conduct." *Id.,* 699 S.W.2d at 660.

A similar question was raised in *Moore,* supra, by defendant requesting a charge on the defense of promiscuity under § 21.09(b), based on an admission by the 16 year old victim of one other act of sexual intercourse and defensive opinion testimony about her promiscuity. The Houston [14th] Court rightly read prior decisions under former article 1183 to hold that "prior promiscuous conduct is a defense to statutory rape only when consent is an issue in the case," citing *Wright* and *Esquivel,* both supra, and expressed the view that "the legislature did not intend to change this requirement when they recodified the penal code in 1974." *Id.,* 703 S.W.2d at 764. Then, after quoting the passage from *Hernandez v. State,* supra, the court concluded:

"... All victims under 14 and victims under 17 who have not previously engaged in promiscuous sexual or deviate sexual intercourse cannot legally or factually consent to sexual intercourse. For this reason the promiscuity defense does not apply. Only promiscuous victims above the age of 14 may legally consent. The promiscuity defense pertains only to them and only because of this ability to consent. Therefore, when consent is not in issue evidence of promiscuity is immaterial."

*Ibid.* Consent was never in issue, however; the child resisted defendant and he "choked her and threatened to kill her," so even though evidence of prior promiscuity "erro-

neously entered into the evidence, the court properly denied the appellant's requested charge." *Ibid.*

## II

We may attribute to the Legislature knowledge, understanding and appreciation of not only its own development of the statutory laws from article 1183 through § 21.09, but also any authoritative judicial construction of those laws by this Court. Presumptively in those lights the Legislature designed, crafted and enacted Acts 1983, 68th Leg., Ch. 977, p. 5311 (H.B. 2008), effective September 1, 1983. As germane here, the primary purpose of the legislation is expressed in the first part of its caption, *viz:*

"An Act relating to revision of the criminal law relating to the offense of rape, aggravated rape, rape of a child, sexual abuse, aggravated sexual abuse, and sexual abuse of child; *redefining those offenses as assaultive offenses and revising the elements of . . .* those offenses[.]"

*Ibid.* Thus in accordance with requisites prescribed by Article III, § 35, Constitution of Texas, members of the Legislature and of the public were given notice in a manner intended for them to understand that the core public policy concept at work was to regard the nature of sexual offenses as essentially assaults on the person of the victim.[8]

### A

To implement the new "assaultive" concept the Legislature repealed former § 21.02 (Rape), § 21.09 (Rape of a Child) and § 21.10 (Sexual Abuse of a Child) and replaced them with § 22.011 (Sexual Assault). It left in place § 21.11 (Indecency with a Child).[9] Not only does § 22.011, subsection (a)(2)(A) denounce rape of a child without mentioning "consent," but also subsection (d)(1) provides a defense of prior promiscuous sexual conduct where the child is 14 years of age or older, and subsection (e) provides an affirmative defense where the actor is not more

---

8. See, e.g., *Hernandez v. State,* 804 S.W.2d 168, at 170 (Tex.App.—Houston [14th] 1991), PDR refused (victim in sexual assault no longer required to "resist;" emphasis now is on actor's compulsion rather than victim's resistance); *accord: Bannach v. State,* 704 S.W.2d 331, at 332–333 (Tex.App.—Corpus Christi 1986), No PDR.

9. That would raise the question of which proscription applies in a given case. See, e.g., *Honc*

*v. State,* 698 S.W.2d 218, at 220 (Tex.App.—Corpus Christi 1985) (before September 1, 1983, penetration of vagina with hand *with intent to arouse or gratify sexual desire* was indecency with child; thereafter with specific intent eliminated, same act became sexual assault); but see

than two years older than the victim—both also silent about "consent."[10]

## B

Before this Court dealt directly with the question of consent under the new concept of rape being an "assaultive offense," at least four courts of appeals examined the issue, i.e., *Hernandez v. State*, 754 S.W.2d 321, at 324–326 (Tex.App.—Houston [14th] 1988), PDR granted; *Golden v. State*, 762 S.W.2d 630, at 631 (Tex.App.—Texarkana 1988), PDR refused; the instant case, *Pawson v. State* (Tex.App.—Fort Worth No. 2–89–007–CR, delivered January 31, 1990), PDR granted; *Lewis v. State*, 709 S.W.2d 734 (Tex.App.—San Antonio 1986), PDR refused; see also *Chreene v. State*, 691 S.W.2d 748, at 750 (Tex.App.—Texarkana 1985), PDR refused. See also authorities collated in *Hernandez*, 754 S.W.2d, at 325, n. 1 (mostly indicating availability of promiscuity defense without mentioning "consent" prerequisite).

In *Hernandez*, supra, after discussing several related cases including its own opinion in *Boulding v. State*, 696 S.W.2d 457 (Tex.App.—Houston [14th] 1985) (mere evidence of promiscuity alone raises defense), reversed on other grounds and remanded per Concurring Opinion in *Boutwell v. State*, 719 S.W.2d 164, at 167–169 (Tex.Cr.App.1985), 719 S.W.2d 333 (Tex.Cr.App.1986), the court of appeals declared:

> *Whittington v. State*, 781 S.W.2d 338, 340, 342 (Tex.App.—Houston [14th] 1989) (aggravated sexual assault of child "includes all elements" of "lesser included offense" of indecency with child (by "touching" "any part of the genitals"), in case where defendant penetrated vagina of eight year old with his finger).

10. Likewise pretermitting any mention of "consent" are § 21.11 (Indecency with a Child); likewise former §§ 21.09 (Rape of a Child) and 21.10 (Sexual Abuse of a Child). All provided a defense for prior promiscuity and an affirmative defense for an age differential of not more than two years, § 21.11(c)(2) alone conditioned that the actor "did not use duress, force, or a threat against the victim at the time of the offense."

One must pause to ponder what the Legislature had in mind when it remained reticent

"... Section 22.011(a)(2) defines certain sexual contacts with a child as offenses. Consent is irrelevant to statutory rape. Section 22.011(d) does not refer to consent. We decided in *Boulding* the defendant had demonstrated the promiscuity defense applied when he proved the complainant was fourteen years old and had engaged promiscuously in sex before the offense. [footnote omitted]. Although our constitutional analysis was contrary to *Boutwell*, our analysis of the promiscuity issue agreed with the Court of Criminal Appeals' *Boutwell* analysis. Therefore, we follow *Boutwell* and our *Boulding* analysis of the promiscuity defense. *We hold section 22.-011(d) does not require a defendant to raise consent before he can assert the promiscuity defense.* Consent is simply irrelevant to statutory rape. Under the old statute, a defendant could use promiscuity to prove a child was capable of consent if he proceeded on the theory the child had consented. In section 22.011(d) the legislature has mandated acquittal of statutory rape charges when the child is over fourteen and under seventeen and has been promiscuous before the indicted offense."

"... The purpose of the newer statutory rape statute was to prevent imposition upon females under the age of seventeen by older and presumably more experienced males. [footnote omitted].... Nevertheless, the newer statutory scheme does not

about relating promiscuity defenses and age differential affirmative defenses to the matter of "consent" in *"sexual assaultive offenses"*—particularly since it left intact § 22.06(1), which provides with respect to "consent" in *nonsexual assaultive offenses*:

> "The victim's effective consent or the actor's reasonable belief that the victim consented to the actor's conduct is a defense to prosecution under Section 22.01 (Assault), 22.02 (Aggravated Assault), or 22.05 (Reckless Conduct) of this code if:
> (1) the conduct did not threaten or inflict serious bodily injury;"

The commentary explains that the "special provision" for reasonable belief of consent is necessary because "consent is not an element of the assaultive offenses[.]" See generally *Tanksley v. State*, 656 S.W.2d 194, at 196–197 (Tex.App.—

protect sexually 'promiscuous' girls *unless the State can allege forcible rape in the indictment and prove beyond a reasonable doubt the girl did not consent."*

*Id.,* 754 S.W.2d at 325–327.[11]

*Golden* examined *Hernandez* and in essence disagreed with its conclusion because "contrary to other case law which provides that prior promiscuity is a defense only when consent is an issue," citing the dissenting opinion in *Hernandez* and other cases but one decided under prior statutes.[12] The *Golden* court did not reach the issue, however; there was no evidence of promiscuous activity in the record. *Id.,* 762 S.W.2d at 631.

*Pawson,* of course, held § 22.011(a)(2) "does not require consent as a prerequisite to raising the promiscuity defense[.]" Slip opinion at 4.

*Lewis* involved all sorts of sexual activity between a father and his fifteen year old daughter; denied his claimed defense under § 22.011(d)(1), he perfected a bill of exception to show similar previous promiscuous behavior with him, and also her engaging in sexual conduct with four men at the same time. However, because defendant "has never argued that the complainant consented to the sexual assault" at issue, having instead denied sexual contact with her and claimed an alibi for the occasion in question, his proffered evidence was "irrelevant and not admissible." *Id.,* 709 S.W.2d at 735.[13]

Austin 1983), No PDR. That explanation, of course, preceded the more recent concept driving the Legislature to redefine certain sexual offenses as "assaultive offenses." See *ante,* at 41.

Moreover, when it came to *aggravated* sexual assault in § 22.021 the Legislature described aggravating factors in terms of violent and threatening conduct toward the victim or another person, *or* the victim being younger than fourteen years of age, subsection (a)(2); prescribed by reference to § 22.011(b) circumstances under which it is "without the consent of the other person," subsection (c); and also *withdrew* both the defense and part of the affirmative defense allowed elsewhere, subsection (d). See *Johnson v. State,* 800 S.W.2d 563, at 566–567 (Tex.App.—Houston [14th] 1990), PDR refused.

11. The *Hernandez* court explains the purpose of the statute and rationale of the Houston [14th] Court, *viz:*

"[The] State Bar of Texas Committee on Revision of the Penal Code, A New Penal Code for Texas 15 ... report states that this rationale [the purpose of the newer rape statute was to prevent imposition upon females under the age of seventeen by older and presumably more experienced males] supported the 'incapable of consent' sexual offenses, and that the 'innovations' in the new statute are consistent with the rationale of preventing imposition by older males. *Id.* The report refers to a 'uniform age of consent.' *We interpret this as an age below which consent is irrelevant.* More importantly, however, the *plain meaning* of the statute is that a complainant's *promiscuity before the indicted offense is a defense.* The committee comments accompanying the Proposed Penal Code that the legislature passed in 1973

stated [that which is also recited in the practice commentary to section 21.09]. Hence, *consent is not an issue when the indictment alleges an offense under section 22.011(a)(2).* The Texas Penal Code does *not* state the child's consent is a defense. Sex with the child is an offense even if the child consented to the relations."

*Id.,* 754 S.W.2d at 326.

12. The latest cited case decided by this Court is *Allen v. State,* 700 S.W.2d 924 (Tex.Cr.App.1985), involving the right of a defendant to introduce evidence of prior "sexual activity" of a victim *seventeen* years of age on three asserted theories under former § 21.13 (later § 22.065; now Tex. R.Cr.Evid. 412. *Id.,* at 926), the "rape shield law." Thus, neither former § 21.09 nor present § 22.011 is implicated.

The other cases cited:
*Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App. 1974); see *ante,* at 39, n. 5;
*Lewis v. State,* 709 S.W.2d 734 (Tex.App.—San Antonio 1986), PDR refused, untimely filed; see *post,* at 44;
*Moore v. State,* 703 S.W.2d 762 (Tex.App.—Houston [14th] 1985), No PDR; see *ante,* at 41.

13. In its treatment of the issue the San Antonio Court cited two prior opinions by this Court, for the proposition that "[u]nchastity is a defense in a rape case only when consent is an issue," *viz:* *Johnson v. State,* 633 S.W.2d 888, 891 (Tex.Cr. App.1982), and *Wright v. State,* 527 S.W.2d 859, 863 (Tex.Cr.App.1975).

In *Johnson v. State* the offense was attempted rape of a twenty-six year old married woman, and we too cited to *Wright v. State,* supra, which it will be recalled dealt with former article 1183, which expressly provided for the promiscuity defense in "consent cases." See *ante,* at 39.

*Chreene* was a revocation of probation case, the alleged violation being rape of a child, the proof showing "sexual relations with his stepdaughter ... on several occasions prior to her seventeenth birthday[.]" 691 S.W.2d, at 750. In response to the contention that evidence was insufficient to support revocation, the Texarkana Court first paraphrased the promiscuity defense, *viz:*

"Proof that the child was at the time of the offense fourteen years of age or older, and that prior to the time of the offense she had been promiscuous, was a defense under Tex.Penal Code Ann. § 21.09 (Vernon 1974) (repealed 1983), and is a defense to offenses under Tex.Penal Code Ann. § 22.011(a)(2) (Vernon Supp.1984)."

Ultimately, however, assuming that "evidence of the sexual acts with the other males constitute promiscuity within the meaning of the statute, there is no evidence that the acts occurred prior to this offense." Without such evidence, therefore, probation was properly revoked on proof that probationer "had repeatedly committed the offense of rape of a child during the period of his probation." *Id.*

### C

With the 1974 demise of the legislatively expressed condition in former article 1183 that the defense of "previous unchaste character" is available in "consent cases," what do the parties in this cause make of the subsequent legislatively developed defense of prior promiscuous conduct *sans* any expressed conditioning its availability only in "consent cases," first in § 21.09 and now in § 22.011?

The State whose PDR we are reviewing, says both in its PDR and brief that it *agrees* with the holding by the court of appeals in this cause and in *Hernandez,* supra, 754 S.W.2d, at 326, that *"consent was irrelevant to statutory rape."* From that position it

argues, however, that "if consent is irrelevant, *the promiscuity evidence is irrelevant* in statutory rape cases." PDR, at 4–5; Brief, at 4–5. Alluding to the ruling by the court of appeals that Tex.R.Cr.Evid. 608 does not apply because appellant "did not offer proof of promiscuity to attack the victim's credibility," the State asserts, "The record is to the contrary," and then launches into its refutation, *viz:*

"Section 22.011(a)(2) *does not require consent to be raised,* thus *promiscuity evidence is immaterial and irrelevant.* What possible weight could such evidence have if consent is not required.

Moreover, the proffered evidence did not constitute promiscuity. ＊ ＊ ＊ ＊"

*Id.,* at 5. The major flaw in that formulation is exposed by the declaration of this Court on original submission in *Boutwell v. State,* supra, 719 S.W.2d, at 168, *viz:*

"... [B]y providing the 'promiscuity' defense, the Legislature has pronounced the complaining witnesses' prior sexual conduct to be relevant to a material defensive issue *by statute.* [emphasis in original]"

On the other hand, appellant essentially says that "if the Legislature had intended such qualification [requiring consent] it would have so stated in the statute," and urges that "the reasoning and rationale of the *Hernandez* opinion ... is determinative of the issues in the present case." Appellant's Brief, at 4.[14]

### III

#### A

The statute plainly provides as a defense without any condition or qualification whatsoever—other than that the child fourteen years of age or older "engaged promiscuously in conduct described in ... [22.011(a)(2) ]" prior to the time of the offense. Moreover,

---

14. In stark contrast to the full exposition of relevant considerations in *Hernandez,* supra, an earlier opinion also by the Houston [14th] Court in *Moore v. State,* supra, construed former § 21.09 in light of cases decided under repealed article 1183. Recognizing and acknowledging their antiquity, the *Moore* court was content to say, "However, we believe the legislature did not intend to change this requirement [that consent be an issue] when they codified the penal code in 1974." *Id.,* 703 S.W.2d, at 764.

It is certainly true that the *Hernandez* court lamented the consequences of its construction of § 22.011(d). However, it also refused to indulge in "judicial activism," *viz:*

"... Nevertheless, this court cannot usurp the functions of the legislature to correct even the most lamentable errors. The legislature provided promiscuity of the victim as a complete defense."

*Id.,* 754 S.W.2d at 326.

"a reasonable doubt on the issue requires that the defendant be acquitted." V.T.C.A. Penal Code, § 2.03(d); see *Ormand v. State,* 697 S.W.2d 772, at 773 (Tex.App.—Corpus Christi 1985) No PDR; *Walker v. State,* 727 S.W.2d 759, at 761 (Tex.App.—Tyler 1987) No PDR, among other similar decisions identified in *Hernandez,* supra, 754 S.W.2d, at 325, n. 1; see also proposed charges pretermitting any issue of "consent" in McCormick & Blackwell, *Texas Criminal Forms and Trial Manual* § 96.14, 8 Texas Practice 481–484 (1985); 2 Texas Annotated Penal Statutes (Branch's 3rd Ed. 1974) § 21.09, at 153.

### B

Given that the traditional societal objective is to protect children below an (arbitrarily drawn) age of consent from personal indiscretion and imposition by older and presumably more sexually experienced actors, more lately society has evinced in germane statutes its willingness to recognize and acknowledge the reality of altered sexual mores in young persons. Accordingly, its legislatures are withdrawing some measures of protection previously afforded under the criminal laws.

Similarly in this jurisdiction the Legislature must have considered changing societal values concerning sexual activity and concluded there in no longer any compelling need for protective measures for the sexually experienced child (to the degree of promiscuity) fourteen or older, and less need for the sexually inexperienced child younger than seventeen whose sexual activity is with an actor not more than two years older (and for indecency with a child, who did not use duress, force or a threat against the child). See § 21.11(b) and (c) (Indecency with a Child); 22.011(c) and (d) (Sexual Assault).[15]

A useful axiom holds, "If the Legislature did not mean what it said, it should have said so."

---

**15.** See generally, e.g., Vaught & Henning, *Admissibility of Rape Victims Prior Sexual Conduct in Texas: A Contemporary Review and Analysis,* 23 St.Mary's L.J. 893 (1992) (compare common law at 910–911 with "current law" at 928); Olsen,

Now, after all those years from "carnal knowledge" through promiscuity, the Legislature has recanted the defense, effective September 1, 1994. Acts 1993, 73rd Leg.Ch. 900, p. 3589, § 1.01, at 3621 (S.B.1067).

*Statutory Rape: A Feminist Critique of Rights Analysis,* 63 Texas L.Rev. 387 (1984); compare *Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981).