## INDEPENDENT SCHOOL DIST. et al. v. LOWE et al. (No. 8143.)

Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1928.

Boggess & LaCrosse of Del Rio, for appellants.

Jones & Lyles, of Del Rio, and J. L. Dodson, of Van Horn, for appellees.

FLY, C. J. Herman Cadena, Santos Garza, Andres Cortinas, Jap Lowe, and the Mid-Kansas Oil & Gas Company, seeking a temporary injunction restraining E. K. Fawcett, B. E. Wilson, H. J. Y. Mills, W. E. McCarson, the independent school district, known as the inhabitants of the town of Del Rio, W. F. Littleton, superintendent of county schools, Mrs. Nellie Buchanan, tax assessor and collector of the school district, and J. C. Cochran, superintendent of public schools of the independent school district, from interfering with or assuming any control of the school affairs of common school district No. 2, of Val Verde county, or in any manner interfering with the management of any part of such common school district, which is under the control of appellees, the trustees of such school district. On a final hearing, appellees prayed to have an order of the independent school district, which sought to annex and appropriate a portion of the territory of the common school district, set aside and declared null and void. The temporary writ of injunction was granted, and, from an order denying a dissolution of the writ, this appeal is being prosecuted. A finding of facts upon which the order was based is incorporated therein. There is no statement of facts, and the recitals in the judgment as to the facts necessarily become the facts to govern this court in the decision, and are copied, as follows:

"Plaintiffs and Defendants all occupied the official positions as alleged in Plaintiffs' First Amended Original Petition, and on and prior to June 29th, A. D. 1928, and at all times subsequent thereto, the defendant, The Independent School District known as the Inhabitants of the Town of Del Rio, was and is a body Corporate and an Independent School District situate in Val Verde County, Texas, with an area of twenty-one square miles.

"Common School District No. 2, of Val Verde County, Texas, is a common School District in Val Verde County, Texas, lying adjacent and contiguous to said Independent School District known as the Inhabitants of the Town of Del Rio.

"On the 29th day of June, A. D. 1928, the Board of County Trustees of Val Verde County, Texas, made and entered an order and caused the same to be spread on the Minutes of said Board, whereby they intended and attempted to annex 13½ square miles of the territory in Common School District No. 2 and 10 square miles of additional territory contiguous to said Independent School District, which was not in any school district, to the Independent School District known as the Inhabitants of the Town of Del Rio.

"The Plaintiffs, Herman Cadena, Andres Cortinas and Santos Garza are the duly elected, qualified and acting Trustees of said Common School District No. 2 of Val Verde County, Texas.

"Such order was made without the consent or desire of the legally qualified property tax paying voters residing in such contiguous ter-

ritory sought to be annexed, and without the County Judge of such County having been petitioned by twenty or a majority of such voters, and without an election having been held for the purpose of determining whether a majority of the legally qualified property tax paying voters residing in said Common School District and said territory were in favor of the annexation of such territory. And by said order said County Board of School Trustees attempted to annex such territory to such Independent School District in utter and arbitrary disregard of the terms and provisions of Chapter 84 of the General and Special Laws of the State of Texas, passed by the Fortieth Legislature of the State of Texas, at its first called session.

"The effect of such attempted action on the part of the County Board of School Trustees would be to increase the area of an Independent School District in excess of twenty-five square miles, in violation of Article 2765 of the Revised Statutes of Texas, without first. complying with the terms and provisions of said Chapter 84 of the laws of Texas passed by the Fortieth Legislature at its first called session.

"It was the intention of such County Board of School Trustees to annex such contiguous territory to 'The Independent School District known as the Inhabitants of the Town of Del Rio' but said order in fact attempts and purports to annex the same to 'The Del Rio Independent School District' and no such Corporate entity or School District as 'The Del Rio Independent School District' is in existence.

"Said Common School District No. 2, maintains two school houses both of which are situated in the territory sought to be annexed to said Independent School District, and if jurisdiction of the school affairs of said territory are assumed by the Independent School District known as the Inhabitants of the Town of Del Rio, said Common School District will be deprived of both School houses and will be left without houses in which to conduct schools for the scholastics residing in the remaining portions of said common school district, and without funds with which to construct a school building for the scholastics residing in the remaining portion of said Common School District, and to discharge its contractual obligations to the teachers employed by the Trustees of said Common School District to teach such scholastics for the ensuing scholastic year. * * *

"There is now a valid outstanding bonded indebtedness against 'The Independent School District known as the Inhabitants of the Town of Del Rio,' in the approximate sum of Eighty-thousand ($80,000.00) Dollars, and the resident property tax paying voters thereof have voted a special tax to pay the interest thereon, create a sinking fund and discharge such indebtedness as it matures.

"Plaintiffs are all property tax payers in the territory sought to be annexed to such independent School District, both in said common school district and contiguous territory."

The statute in regard to the formation and change of school districts, passed on June 8, 1927, by the Fortieth Legislature, provides that, if a majority of the legally qualified property tax paying voters residing in any territory contiguous to an independent school district may desire to be annexed to said independent school district, 20 per cent. of the population in said contiguous territory may petition the county judge, and he shall order an election in the common school district of which the contiguous territory may be a part, to determine whether a majority of the legally qualified property taxpayers in said common school district favor the annexation. That is the initial step towards annexation, and, if a majority of the voters favor the annexation, then a petition shall be presented to the board of trustees of the independent school district for approval, and, if such approval is given, then, if the county board of school trustees shall give their approval to the annexation, it shall be made, with the proviso that, before the annexation is consummated, there must be an election in the independent school district, and, if a majority of its legally qualified voters voting are in favor of annexation, the territory may be annexed. It is emphasized in the last sentences of the first section of the act "that no consolidation or annexation can be had or effected unless and until each district affected shall, by a majority of the votes cast in said district, vote in .favor of such annexation or consolidation."

The second section of the act provides for the method of detaching territory from an independent school district or common school district and annexing it to some other independent school district, and it has no application to the facts of this case.

Section 3 refers to annexing territory to a common school district. We need not consider the other sections of the act.

It is not pretended that appellants complied with any requirement of the law of 1927, but, on the other hand, it is admitted that appellants made no effort to conform to the law of 1927, but ignored it as being void and unconstitutional. In their brief appellants state that, if this court should uphold the validity of the act of the Fortieth Legislature, any citizen of the district could enjoin the order of the county board of trustees, as the order would be an invalid attempt to extend the boundaries of the independent school district.

We hold that any inconsistencies in some of the sections of the act do not affect the validity of section 1, and under the provisions of that section the order of the school trustees was void. However, there is no such inconsistency between any of the sections of the act as to render it unconstitutional or void. Acts of the Legislature should not be destroyed by forced or fancy constructions, but they should, when possible and consistent, be upheld by the judicial branch of the state government. We. hold the statute of 1927 to be valid and constitutional. Appellants not only did not comply with the requirements of the law of 1927, but sought to violate the provisions of article 2765, Rev. Stats. 1925. We will sustain the constitutionality of the law that is assailed, regard-

less of its inconsistencies and incongruities, for destroying laws on those grounds would unsettle a number of our statutes.

The judgment is affirmed.