Gary Doyle MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–84–803–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 5, 1985.

Occie H. Tate, Jr., Houston, for appellant.

John B. Holmes, Dist. Atty., and Richard Anderson, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Gary Doyle Moore was convicted and sentenced to five years' imprisonment for the rape of a child. He appeals challenging the sufficiency of the evidence because the complainant's testimony is uncorroborated. He further challenges the trial court's refusal to charge the jury concerning the defense of promiscuity. Because the law does not consider the victim of a sexual assault an accomplice, we overrule appellant's first ground of error. Because consent was never an issue, we overrule appellant's second ground of error.

Around midnight on May 21, 1983, A____ M____ M____, her mother, father, sister, brother, and two friends were watching television and talking in the livingroom of the Moore home in Pasadena. Shortly thereafter Mrs. Moore retired for the evening. The appellant then took A____ M____ M____ into her brother's bedroom. He closed the door and turned out the light. They sat on the edge of the bed. He then lifted her top and brassiere and played with her breast. She was shocked and became afraid. She asked him to stop. He then unzipped her jeans and removed them along with her panties. She began crying. He bent her over the bed and began choking her with his hands, saying that if she did not stop crying he would kill her. While she was lying across the bed, he raped her.

During the rape, the telephone rang. The caller asked for A____ M____ M____. Her sister knocked on the bedroom door and said that the telephone was for A____ M____ M____. The appellant allowed her to put on her clothing and go to the livingroom to answer the telephone. Because she was still crying, she was unable to speak. She asked her sister to tell the caller that she could not talk then. She left the livingroom and went into the garage followed by her sister and the two friends. In the garage A____ M____ M____ informed her sister that their father had raped her. Approximately a week later, in response to her mother's questioning, A____ M____ M____ admitted that the appellant had raped her.

The appellant was indicted under the statutory rape section, Tex.Penal Code Ann. § 21.09 (Vernon 1974) (now repealed). He pled not guilty but the jury found him guilty. The court sentenced him to five years' incarceration.

■ Appellant's first ground of error challenges the sufficiency of the evidence. He argues that the prosecutrix was an accomplice and therefore her uncorroborated testimony is insufficient to sustain the conviction. The rule is well established that in statutory rape cases the victim's testimony need not be corroborated. *Hernandez v. State,* 651 S.W.2d 746, 753 (Tex. Crim.App.1983). Appellant argues that the prosecutrix should be considered an accomplice because she did not complain for an extended time and she denied that the event happened. He cites *Jackson v. State,* 388 S.W.2d 935, 938 (Tex.Crim.App. 1965) and *Hinson v. State,* 152 Tex.Cr.R. 159, 211 S.W.2d 750, 750 (1948) in support of his position. That rule does not apply on the present record. The prosecutrix told her sister of the rape moments after the event. We have reviewed the entire record for a denial of the event by the prosecutrix

and have found none. We overrule appellant's first ground of error.

In his second ground of error the appellant argues that the trial court erred in refusing his requested charge on the defense of promiscuity. The appellant produced four witnesses who, before the jury, testified to their opinions about the prosecutrix's promiscuity. On the stand the prosecutrix admitted to one act of sexual intercourse beside the instant offense. It is undisputed that the prosecutrix was fifteen years old at the time of the offense. The appellant argues that because he produced this evidence he was entitled to a charge on the defense of prior promiscuity.

■ The appellant was convicted under section 21.09 which is now repealed. That section provided:

(a) a person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years.

(b) it is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse.

Tex.Penal Code Ann. § 21.09 (Vernon 1974). Appellant claims that the trial court erred in refusing his requested, charge under section 21.09 (b). The law of this State has long held that prior promiscuous conduct is a defense to statutory rape only when consent is an issue in the case. *See e.g., Wright v. State,* 527 S.W.2d 859, 863 (Tex.Crim.App.1975); *Esquivel v. State,* 506 S.W. 613, 616 (Tex.Crim.App.1974). Of course, these cases construe the predecessor to section 21.09, Tex.Penal Code Ann. art. 1183 (Vernon 1925). However, we believe the legislature did not intend to change this requirement when they recodified the penal code in 1974. Indeed, in determining whether a *minor* rape victim could ever be considered an accomplice, requiring corroboration of her testimony, the Court of Criminal Appeals construed section 21.09 as follows:

[Section 21.09] makes victims under 17 who have not previously engaged in promiscuous sexual or deviate sexual intercourse and those victims under 14, regardless of prior promiscuous sexual conduct, legally incapable of giving consent to sexual intercourse. Thus, they are not legally responsible for their own undoing and cannot be accomplice witnesses as a matter of law or fact.

*Hernandez v. State,* 651 S.W.2d 746, 753 (Tex.Crim.App.1983). All victims under 14 and victims under 17 who have not previously engaged in promiscuous sexual or deviate sexual intercourse cannot legally or factually consent to sexual intercourse. For this reason the promiscuity defense does not apply. Only promiscuous victims above the age of 14 may legally consent. The promiscuity defense pertains only to them and only because of this ability to consent. Therefore, when consent is not in issue evidence of promiscuity is immaterial.

■ Here, consent was never in issue. The complainant testified that she resisted the appellant's actions by twice asking him "to quit". She was frightened and sobbed vehemently. The appellant choked her and threatened to kill her. The appellant offered no evidence of consent and did not challenge the prosecutrix's testimony on cross examination. Consent was never placed in issue. Although evidence of the prosecutrix's prior promiscuity erroneously entered into evidence, the court properly denied the appellant's requested charge. We overrule appellant's second ground of error.

Affirmed.