Joe Frank HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 853–88.

Court of Criminal Appeals of Texas, En Banc.

June 23, 1993.

Rehearing Denied Sept. 22, 1993.

Scott Ramsey, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West and Debbie Mantooth, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was charged by indictment with the offense of sexual assault, alleged to have been committed on or about February 8, 1985. After a trial by jury, appellant was convicted as charged. He was later sentenced by the trial court to eight years confinement.

### I.

### SUMMARY OF PERTINENT FACTS

The State's indictment alleged that appellant intentionally and knowingly caused the penetration of the vagina of the complainant, a person younger than seventeen years of age and not his spouse. Appellant sought to present evidence to raise a defense of promiscuity pursuant to V.T.C.A. Penal Code, § 22.011(d)(1). The trial court refused to admit into evidence testimony about the complainant's prior sexual relations. The trial court also refused appellant's request for a jury charge instruction on the statutory defense of promiscuity.

### II.

### APPELLANT'S APPELLATE CLAIM

Appellant raised four points of error before the Fourteenth Court of Appeals. It sustained three of those points and reversed the cause based upon those errors. *Hernandez v. State*, 754 S.W.2d 321 (Tex.App.—Houston [14th Dist.] 1988). In deciding one of those points of error, the court of appeals held that § 22.011(d)(1) "does not require a defendant to raise consent before he can assert the promiscuity defense" and that "[c]onsent is simply irrelevant to statutory rape." *Hernandez v. State*, 754 S.W.2d at 326. We granted the State's ground for review number 1, should V.T.C.A. Penal

Code, § 22.011(d)(1) (Supp.1988), be interpreted as a defense to sexual assault of a child aged fourteen to seventeen years whether or not the issue of consent was raised by the evidence.

## III.

## MERITS OF STATE'S CLAIM

■ This Court has established a policy of statutory interpretation by focusing our attention upon the literal text of the statute to discern the fair objective meaning thereof. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr. App.1991). We focus upon the literal text because said text *"is the law* in the sense that it is the only thing actually adopted by the legislators ... and submitted to the Governor for ... signature[,]" and "is the only *definitive* evidence of what the legislators ... had in mind when the statute was enacted into law[;]" and because "the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted." [Emphasis in original.] *Id.* We added that a narrow exception allows for the use of extratextual factors for interpretation when the plain language of a statute would lead to absurd results or said language is not plain but rather is ambiguous. *Id.* The plain language of § 22.011 does not reveal any such ambiguity or absurd results with respect to the promiscuity defense; thus, the statute shall be interpreted via its plain language.

■ The plain language of § 22.011 provides for two general methods of committing sexual assault: 1) involving specified contacts made upon a complainant without the complainant's consent, per § 22.011(a)(1); and 2) involving specified contacts made upon a complainant who is a child (i.e. a person younger than 17 years of age who is not the spouse of the accused), per § 22.011(a)(2). The second method, i.e. per (a)(2), makes no mention whatsoever of consent; thus consent (or nonconsent) is not an element in proving the second method. The various ways of

lack of consent which are detailed in § 22.-011(b) are explicitly specifically applied to the first method, i.e. per (a)(1). Therefore because consent (or nonconsent) is not an element of the second method, the fact that § 22.011(d)(1), which explicitly provides for the promiscuity defense for prosecution under the second method, makes no reference to consent is not ambiguous nor does it lead to absurd results.

The plain language of § 22.011 does not lead to the absurd consequences feared by the State in which 14, 15, and 16–year–old children are singled out and "made fair game for those who would sexually assault them by making their prior sexual experiences a legal shelter...."[1] It is quite possible to prosecute and convict someone of sexually assaulting a promiscuous 14 through 16–year–old child. The method of doing so is via method (a)(1), i.e. by alleging and proving lack of consent. If that method is alleged, obviously consent (or nonconsent) is an issue, while promiscuity, which statutorily only applies to method two, is not a defense. It is also quite possible to prosecute and convict someone of sexually assaulting a 14 through 16–year–old child who consents to the sexual contacts, specifically by prosecuting via the second method, i.e. per (a)(2); however, in such a situation, the Legislature has explicitly provided the statutory promiscuity defense of § 22.011(d)(1). As noted above, when prosecuting via the second method, i.e. per (a)(2), consent (or nonconsent) is not an element.

Turning to the instant cause, the record reflects that the State proceeded upon an indictment which alleged that appellant intentionally and knowingly caused the penetration of the vagina of the complainant, "a person younger than seventeen years of age and not his spouse...." The indictment did not in any way allege a lack of consent. Thus the State was proceeding upon a theory of guilt via method two, i.e. per § 22.-011(a)(2). As stated earlier, that method does not involve consent at all. The promis-

---

1. We do observe that the State's brief acknowledges "that children aged fourteen to seventeen who have voluntarily become sexually active are, unlike their sexually inactive peers, imputed by the law with the capacity to consent to sexual conduct like an adult." It then adds, "Stated conversely, the law which imputes to children an incapacity to consent to sexual activity makes a logical exception for those in their mid-teens who have chosen to become sexually active."

cuity defense of § 22.011(d)(1), which specifically applies to that (a)(2) method of prosecution, likewise does not involve consent. Because the State chose to prosecute based upon the complainant's age (i.e. being a child) rather than upon a lack of consent, appellant was entitled to raise the promiscuity defense as is statutorily provided for in § 22.-011(d)(1).[2] Thus the court of appeals was correct in concluding that appellant was entitled to raise the statutory defense regardless of whether consent was contested.

Accordingly, we overrule the State's ground for review. The judgment of the court of appeals is therefore affirmed and the cause remanded to the trial court.

CLINTON, J., concurs in result.

MILLER, Judge, concurring.

I agree with Judge Overstreet's analysis in his majority opinion, and I therefore join that opinion. My purpose in writing in this cause is to note that the issue presented in this petition has been rendered moot by the legislature in its 73rd session, just recently concluded.

In this legislative session, the legislature undertook, and passed, a revision of the Texas Penal Code via Senate Bill 1067 (SB 1067). Pertinent to the cause *sub judice* is the revision made to § 22.011, Sexual Assault, specifically subdivision (d). Senate Bill 1067 reveals that the drafted new penal code deletes the defense to prosecution for sexual assault of a child that the child was older than 14 and had previously engaged promiscuously in sexual activity.[1] Thus, under our new penal code, this defense will not be available to defendants, and the issue presented in this petition will not be recurring.

With these comments, I join the majority opinion.

MEYERS, J., joins this concurring opinion.

McCORMICK, Presiding Judge, dissenting.

Respectfully, I dissent. We granted the State's petition for discretionary review to determine whether, in a prosecution under V.T.C.A., Penal Code, Section 22.011(a)(2) (hereinafter referred to as "Section (a)(2)"), a defendant must claim the complainant consented as a prerequisite to raising the promiscuity defense under V.T.C.A., Penal Code, Section 22.011(d)(1) (hereinafter referred to as "Section (d)(1)").

The State charged appellant with violating V.T.C.A., Penal Code, Section 22.011(a)(2)(A), which prohibits an adult from intentionally or knowingly engaging in certain described sexual conduct with a child. The evidence in this case indicates the complainant's mother "sold" the complainant to appellant, who also "sold" the complainant to other men. *Hernandez v. State*, 754 S.W.2d 321, 322–23 (Tex. App.—Houston [14th Dist.] 1988). The complainant testified she "did not resist" appellant's sexual advances. *Id.* at 322. Appellant tried to introduce evidence at trial of the complainant's prior sexual conduct with other boys in an attempt to raise the promiscuity defense under Section (d)(1); however, the trial court refused to admit this evidence unless appellant claimed the complainant consented to the charged offense, which appellant did not do. *Id.* at 324.

The Court of Appeals held Section (d)(1) entitled appellant to raise the promiscuity defense without raising the issue of the complainant's consent. *Id.* The Court of Appeals also noted the newer statutory scheme "does not protect sexually 'promiscuous' girls unless the State can allege forcible rape in the indictment and prove beyond a reasonable doubt the girl did not consent." *Id.* at 326.

Appellant argues Section (d)(1) does not literally require consent as a prerequisite to

---

**2.** We observe that when objecting to a portion of appellant's jury argument about sympathy, credibility, and the complainant's age, the prosecutor said, "Your Honor, I'm going to object to that remark, age has nothing to do with the charge in this case." That objection was sustained. Later, during the prosecutor's own jury arguments, she stated, "The law says that if you have sex with a

person who's under 17, who's not your spouse, it's sexual assault."

**1.** Similar language was deleted from V.T.C.A. Penal Code § 21.11(b) regarding the defense in an indecency with a child offense.

raising the promiscuity defense, and I agree. However, in ascertaining the legislative intent of a statute, we are not required to apply the statute literally if that would lead to absurd consequences not possibly intended by the Legislature. See *Boykin v. State,* 818 S.W.2d 782, 785–86, 786 n. 4 (Tex.Cr.App. 1991). Under such circumstances, we consider extratextual factors such as the legislative history of the statute and prior case law to arrive at a fair and sensible interpretation of the statute. See *id.;* compare *State v. Oliver,* 808 S.W.2d 492, 495 (Tex.Cr.App.1991).

The majority holds appellant was entitled to raise the promiscuity defense under Section (d)(1) without claiming the complainant consented. The majority says its interpretation of the statute is based on a plain reading of the statute, and would not lead to absurd results. With the majority's conclusion that its interpretation of the statute would not lead to absurd results, I respectfully disagree.

The main rationale of the majority opinion is that the State can convict someone of sexually assaulting a 14 to 17 year-old, promiscuous child by alleging and proving lack of consent in a prosecution under V.T.C.A., Penal Code, Section 22.011(a)(1) (hereinafter referred to as "Section (a)(1)").[1] Maj. at 909. However, I am aware of no authority requiring the State, when presented with a fact situation like here, to charge under Section (a)(1). Rather, charging under Section (a)(2) appears to be the method intended by the Legislature since the legislature expressly made that section applicable to children who are sexually assaulted by adults. Since Section (a)(2), by its very terms, is applicable to children, it is not unreasonable for the State to charge an adult, who engages in sexual conduct with a child, under Section (a)(2). Moreover, based on constitutional concerns, I am not sure about this Court assuming the role of telling the State how to charge a

crime under these circumstances. See, e.g., *Meshell v. State,* 739 S.W.2d 246, 252–58 (Tex.Cr.App.1987).

Also, under the majority's interpretation, in those situations where a defendant asserts the promiscuity defense under Section (d)(1), that will be the main defensive issue joined between the defendant and the State, and the main defensive issue submitted to the jury. See V.T.C.A., Penal Code, Section 2.03(c). The jury will be asked whether it has a reasonable doubt on the complainant's promiscuity, and it further will be instructed that, if it does, it should acquit. See V.T.C.A., Penal Code, Section 2.03(d). However, I fail to see the relevance of evidence of a complainant's promiscuity in a sexual assault prosecution under Section (a)(2) unless the defendant makes the complainant's consent an issue in the case. See generally *Montgomery v. State,* 810 S.W.2d 372, 386–97 (Tex.Cr.App.1990) (op. on reh'g).

Finally, one consequence of the majority's interpretation of Section (d)(1) is that in a future prosecution under Section (a)(2), a defendant, who engages in sexual conduct with a 14-year-old nonconsenting, promiscuous child, will be entitled to an acquittal, because consent will be irrelevant. These children will become "fair game" for older, more experienced adults. See *Hernandez,* 754 S.W.2d at 326. And, here, this appellant will be entitled to an acquittal, if the jury finds the complainant was promiscuous, even though she may not have consented. The Legislature clearly did not intend these results. See *Boykin,* 818 S.W.2d at 785.

In addition to the foregoing, the legislative history of the statute strongly supports the proposition that promiscuity is not relevant unless consent is at issue. The Legislature codified the offense commonly known as "statutory rape" in V.T.C.A., Penal Code,

---

1. Section (a)(1) prohibits a person from intentionally or knowingly engaging in various sexual conduct with another person, without that person's consent. The evidence here indicates the complainant may have "consented" because she did not resist appellant's sexual advances. Of course, the issue of consent is not developed in the record since appellant did not claim the

complainant consented. Rather, appellant, in effect, claims he is entitled to an acquittal because the complainant is promiscuous even though she may not have consented. A majority of this Court interprets the statute as making consent irrelevant in a prosecution under section (a)(2), with the only relevant defensive issue being the complainant's promiscuity.

Article 1183 (repealed).[2] Prior law deemed a child legally incapable of consenting to sexual conduct with an adult. Except, Article 1183 provided that a child's "unchaste character" was a defense if the child was 15 years or older, and the defendant claimed she consented. In these circumstances, Article 1183 literally required consent as a prerequisite to raising the "unchaste character" defense, and our cases construing Article 1183 held that evidence of "unchaste character" was irrelevant when consent was not in issue. See, e.g., *Wright v. State*, 527 S.W.2d 859, 862–63 (Tex.Cr.App.1975).

In 1974, Article 1183 was repealed and recodified in V.T.C.A., Penal Code, Section 21.09 (repealed).[3] V.T.C.A., Penal Code, Section 21.09(b) revised the unchastity defense of Article 1183 because courts had interpreted it to include one prior act of sexual intercourse even with the defendant in the current prosecution, and it did not take into account "the young female who made a single mistake." See Section 21.09, Practice Commentary; *Hernandez*, 754 S.W.2d at 326, n. 3. Literally, Section 21.09(b) provided a defense if the child was 14 years of age or older and previously engaged in promiscuous sexual conduct. Section 21.09(b), like current Section (d)(1), did not literally require consent as a prerequisite to raising the promiscuity defense.

This Court never addressed whether consent was a prerequisite to the promiscuity defense under Section 21.09(b); however, in a related case, this Court stated that in enacting Section 21.09 "it appears that the Legislature intended to carry forward the general provisions relating to the prior 'statutory rape' law." *Vasquez v. State*, 622 S.W.2d 864, 865 (Tex.Cr.App.1981). The Houston Court of Appeals, Fourteenth District, decided that Section 21.09(b) required a defendant to raise consent as a prerequisite to the promiscuity defense. *Moore v. State*, 703 S.W.2d 762, 764 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Therefore, before enactment of the current sexual assault statute, the statutes and case-law deemed only a small class of children legally capable of consenting to sexual activity with an adult, and, for this class of children, evidence of their "promiscuity" was irrelevant when consent was not at issue.

All prior "rape" crimes were reorganized and recodified into the current sexual assault statute—V.T.C.A., Penal Code, Section 22.011; the only changes relating to children were to make the statute gender-neutral and to more specifically describe the prohibited sexual acts. When Senator Whitmire introduced the second reading of House Bill 2008, which contained the proposed Section (d)(1), before the Senate Jurisprudence Committee, he stated it was "not the intent of this statute to change any substantive law other than to change the name . . . . of the offense to better describe the act." The object sought to be obtained by Section (a)(2) obviously is to protect children from more experienced adults by deeming most children legally incapable of consent. The most significant substantive change, relating to children, in the statutes I can see actually narrowed the class of children against whom evidence of prior sexual conduct can be introduced, without making consent irrelevant to this class of children.

For the foregoing reasons, I respectfully dissent. I would reverse the Court of Appeals and hold the Legislature intended Section (d)(1) to require a defendant to raise consent before evidence of a complainant's promiscuity becomes relevant. See V.T.C.A., Penal Code, Section 2.03.

CAMPBELL, WHITE and BAIRD, JJ., join this dissent.

---

**2.** Repealed by Acts 1973, 63rd Leg., p. 991, ch. 399, Section 3(a), eff. Jan. 1, 1974.

**3.** Repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, Section 12, eff. Sept. 1, 1983. Current version codified in V.T.C.A., Penal Code, Section 21.011.