NUMBER 13-99-198-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


CARLOS GUEVARA, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 138th District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Carlos Guevara, Jr., was indicted for a single act of
aggravated sexual assault of J.G., a child under the age of fourteen
years, by intentionally or knowingly causing J.G.'s penis to contact
appellant's anus. A jury found him guilty of the offense and assessed
his punishment at fifteen years imprisonment. By five issues, appellant
contends the trial court erred: (1) when it permitted the State to
introduce evidence of extraneous sexual offenses committed by
appellant against J.G. without conducting a balancing test as required
by Texas Rule of Evidence 403; (2) by finding the prejudicial effect of the
extraneous offenses did not exceed the probative value of the evidence;
(3) by failing to give the jury a limiting instruction at the time the
extraneous offense evidence was admitted; (4) by instructing the jury
they could find appellant guilty of the offense even if they found the
offense was committed after the victim's fourteenth birthday; and (5)
there is no evidence appellant "caused the offense in question." We
affirm.

A. Sufficiency of the Evidence


 By his fifth issue, appellant contends there is "no evidence
appellant caused the aggravated sexual assault charged in the
indictment." Appellant concedes that consent is not an issue in a trial
for aggravated sexual assault of a child. See Hernandez v. State, 861
S.W.2d 908, 909 (Tex. Crim. App. 1993); Reed v. State, 991 S.W.2d
354, 361 (Tex. App.--Corpus Christi 1999, pet. ref'd)(holding that a
child cannot consent to sexual contact). He argues there is no evidence
showing that he caused the sexual contact, as required by section
22.021(a) of the penal code:

(a) A person commits an offense:


 (1) if the person . . .


 (B) intentionally or knowingly: . . .


 (iii) causes the sexual organ of a child to
contact or penetrate the mouth, anus,
or sexual organ of another person,
including the actor . . . .


Tex. Pen. Code Ann. § 22.021(a)(Vernon 1994)(emphasis added). 
Essentially, appellant contends the child victim was the aggressor, and
that appellant did nothing to facilitate the act. However, neither the
applicable law nor the facts adduced at trial support appellant's
contention. 

 A person is criminally responsible if the result would not have
occurred but for his conduct, operating either alone or concurrently with
another cause, unless the concurrent cause was clearly sufficient to
produce the result and the conduct of the actor clearly insufficient. Tex.
Pen. Code Ann. § 6.04(a) (Vernon 1994). Under this section of the penal
code, two combinations may exist to satisfy the requisite causal
connection between appellant's conduct and the harm that followed: 
(1) appellant's conduct may be sufficient by itself to have caused the
harm, regardless of the existence of a concurrent cause; or (2)
appellant's conduct and the other cause together may be sufficient to
have caused the harm. Robbins v. State, 717 S.W.2d 348, 351 (Tex.
Crim. App. 1986); Umoja v. State, 965 S.W.2d 3, 9 (Tex. App.--Fort
Worth 1997, no pet.). Section 6.04(a) further defines and limits the
"but for" causality for concurrent causes by its last phrase, "unless the
concurrent cause was clearly sufficient to produce the result and the
conduct of the actor clearly insufficient." If the additional cause, other
than the defendant's conduct, is clearly sufficient by itself to produce
the result, and the defendant's conduct by itself is clearly insufficient,
the defendant cannot be convicted. Robbins, 717 S.W.2d at 351;
Umoja, 965 S.W.2d at 9.

1. Legal Sufficiency


 Appellant has not specified whether he is raising an issue of legal
or of factual sufficiency. Because he has prayed for an acquittal or,
alternatively, a new trial, we will conduct a review of both legal and
factual sufficiency. When reviewing the legal sufficiency of the
evidence, the appellate court shall look at all the evidence in the light
most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Johnson v. State, No. 1915-98, 2000 Tex. Crim. App. LEXIS 12, at *14-*15 (Tex. Crim. App. Feb. 9, 2000); Patrick v. State, 906 S.W.2d 481,
486 (Tex. Crim. App. 1995); Turro v. State, 867 S.W.2d 43, 46-47 (Tex.
Crim. App. 1993). Sufficiency of the evidence is measured by the
hypothetically correct jury charge, which accurately sets out the law, is
authorized by the indictment, and does not unnecessarily increase the
State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Cano v. State, 3 S.W.2d 99, 105 (Tex. App.--Corpus
Christi 1999, pet. ref'd). The jury, as the sole judge of the credibility of
the witnesses and the weight to be given their testimony, is free to
accept or reject all or any part of the testimony of any witness. Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872
(1988); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). 

 Viewing the evidence in the light most favorable to the verdict, the
parents of the child victim divorced when he was a baby. When J.G.
was about nine years old, he desperately wanted to get to know his
father, whom he had rarely seen. J.G. began to join his father on
weekend activities such as hunting trips. Appellant was a good friend
of J.G.'s father and often went along on these trips. Because J.G.'s
father did not like picking up J.G., or taking him home, appellant
volunteered to do so. Appellant quickly developed a close relationship
with J.G., becoming a sort of substitute father. He spent time with the
boy, bought him clothing and gifts, took him to the mall, the movies
and "four wheeling," gave him rides to and from school and involved
him in the church youth group appellant lead.

 Appellant's sexual abuse of J.G. began shortly after they met in
1994, when J.G. was ten years old and in the fifth grade, and continued
until 1998. J.G. never told anyone about the sexual abuse because
appellant told him he would kill himself if J.G. ever said anything. 
Although appellant did not physically force J.G. to engage in sexual
intercourse except "the very last time," J.G. did not resist appellant's
sexual advances because:

I looked up to him so much that I never wanted him to go
away. So I felt it was the only way I could keep the
friendship.


On January 27, 1997, the date of the offense for which appellant was
charged, appellant was babysitting J.G. while his mother was out of
town for job training. J.G. could not remember the specific details of
the act that occurred on that date, but testified that the act followed the
pattern of previous acts. Appellant aroused J.G. by rubbing his
genitals, then asked J.G. to perform anal sex upon him. J.G. made an
outcry statement to his mother in August of 1998.

 In his testimony, appellant admitted that his sexual abuse of J.G.
went on for years, admitted his participation in the January 27, 1999
act of anal intercourse, and admitted it was his practice to fondle J.G.'s
genitals to arouse him before an act of anal intercourse. His statement
to police, which was admitted into evidence at trial, contained
essentially the same admissions.

 We hold the evidence is sufficient that a rational finder of fact
could have found the elements of the offense of aggravated sexual
assault of a child under the age of fourteen years beyond a reasonable
doubt. We hold the evidence is legally sufficient to sustain appellant's
conviction.

2. Factual Sufficiency


 In reviewing the factual sufficiency of the evidence, we are not
bound to view the evidence in the light most favorable to the
prosecution, and may consider the testimony of defense witnesses and
the existence of alternative hypotheses. Johnson, 2000 Tex. Crim. App.
LEXIS at *15; Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We consider all of the evidence in the record related to the
appellant's sufficiency challenge, comparing the weight of the evidence
that tends to prove guilt with the evidence that tends to disprove it. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We
are not free to reweigh the evidence and set aside a jury verdict merely
because we believe that a different result is more reasonable. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922
S.W.2d at 135. Disagreeing with the fact finder's determination is
appropriate only when the record clearly indicates such a step is
necessary to arrest the occurrence of a manifest injustice; otherwise,
due deference must be accorded the fact finder's determinations,
particularly those concerning the weight and credibility of the evidence. 
Johnson, 2000 Tex. Crim. App. LEXIS at *20. Only if the verdict is
against the great weight of the evidence presented at trial so as to be
clearly wrong and unjust, will we reverse the verdict and remand for a
new trial. Clewis, 922 S.W.2d at 133-34; Rosillo, 953 S.W.2d at 813. 


 The only evidence we find in the record supporting appellant's
contention that he did not "cause" the sexual assault of J.G. is
appellant's own testimony that J.G. was the instigator of the act of anal
intercourse, and that he did not want to engage in a sex act with the
child. However, appellant also admitted his own participation in the
charged act, and in the fondling that preceded the act.

 After reviewing all of the evidence in the record, we hold the jury's
verdict is not against the great weight of the evidence so as to be clearly
wrong and unjust. Accordingly, we hold the evidence is factually
sufficient to support the jury's verdict. Appellant's fifth issue is
overruled.


B. Evidence of Extraneous Offenses


 By three issues, appellant contends the trial court erred by
admitting evidence of prior sexual assaults by him upon J.G.: (1)
without conducting a balancing test as required by Texas Rule of
Evidence 403; (2) by finding the prejudicial effect of the extraneous
offenses did not exceed the probative value of the evidence; and (3) by
failing to give the jury a limiting instruction at the time the extraneous
offense evidence was admitted. 

1. Admissibility of the Evidence


 A trial court is given wide latitude to admit or exclude evidence of
extraneous offenses. Montgomery v. State, 810 S.W.2d 372, 389 (Tex.
Crim. App. 1990)(op. on reh'g). An appellate court may not reverse a
trial court's ruling as to the admissibility of such evidence if it is within
the zone of "reasonable disagreement." Id. at 391. The trial court will
be reversed only upon a clear abuse of discretion. Santellan v. State,
939 S.W.2d 155, 169 (Tex. Crim. App. 1997); Montgomery, 810 S.W.2d
at 392.

 The code of criminal procedure provides that in a criminal
prosecution of a defendant for a sexual offense committed against a
child under seventeen years of age,

[n]otwithstanding Rules 404 and 405, Texas Rules of
Criminal Evidence,(1) evidence of other crimes, wrongs or acts
committed by the defendant against the child who is the
victim of the alleged offense shall be admitted for its bearing
on relevant matters, including:


 (1) the state of mind of the defendant and the child;
and


 (2) the previous and subsequent relationship
between the defendant and the child.


Tex. Code Crim. Proc Ann. art. 38.37, §§ 1, 2 (Vernon Supp. 2000). The
special circumstances surrounding the sexual assault of a child victim
outweigh the normal concerns associated with evidence of extraneous
acts, and the fairness of the tribunal is preserved by a defendant's
continuing right to challenge the witness by cross examination. 
Jenkins v. State, 993 S.W.2d 133, 136 (Tex. App.--Tyler 1999, pet.
ref'd). Other acts of misconduct may explain the charged act, an act
that would otherwise seem wholly illogical and implausible to the
average juror:

[u]nderstandably most jurors are reluctant to believe that
parents or others in a parental position would commit sexual
or physical crimes against their own or other children. Such
evidence not only shows that a peculiar relationship exists,
but also how and why the defendant achieved dominance
over the child.


 Ernst v. State, 971 S.W.2d 698, 700 (Tex. App.--Austin 1998, no pet.). 

 However, evidence deemed relevant under article 38.37 is subject
to the balancing rule found in rule of evidence 403. Relevant evidence
must be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice. Tex. R. Evid. 403; see Poole v. State, 974
S.W.2d 892, 897 (Tex. App.--Austin 1998, pet. ref'd); Ernst, 971
S.W.2d at 700.

 The extraneous offense evidence in this case shows that appellant
sexually abused J.G. for nearly four years, beginning when the child
was ten years old, and shows the specific pattern the abuse followed. 
This evidence also incorporates the history of their relationship,
showing how appellant skillfully manipulated the boy by showering him
with gifts and attention and by exploiting the child's intense desire for
a father figure. From this evidence, the jury could posit an explanation
as to why J.G. did not report the abuse sooner. It also tends to refute
appellant's claim that J.G. alone instigated the act for which appellant
was charged, by showing how appellant accustomed J.G. to
performing certain sexual acts. Therefore, the evidence had a direct
bearing on appellant's and J.G.'s state of mind and on their previous
and subsequent history and was admissible under article 38.37.

2. Trial Court's Balancing Test


 By his first issue, appellant contends the trial court erred when it
permitted the State to introduce evidence of extraneous sexual offenses
committed by appellant against J.G., without conducting a balancing
test as required by Texas Rule of Evidence 403.

 Once the trial court has deemed evidence relevant, the opponent
of the evidence must make a further objection based on rule 403 in
order for the trial judge to weigh the probative and prejudicial value of
the evidence. Santellan, 939 S.W.2d at 169; Montgomery, 810 S.W.2d
at 388. If the opponent makes a rule 403 objection, the trial court must
weight the probativeness of the evidence to see if it is substantially
outweighed by its potential for unfair prejudice. Santellan, 939 S.W.2d
at 169; Montgomery, 810 S.W.2d at 389. In keeping with the
presumption of admissibility of relevant evidence, there is a
presumption that relevant evidence is more probative than prejudicial. 
Santellan, 939 S.W.2d at 169; Montgomery, 810 S.W.2d at 389.

 Appellant made several rule 403 objections at trial and asked the
trial court to perform a balancing test. Each time, the trial court
responded that the probative value of the extraneous offense evidence
outweighed its prejudicial effect, without specifically enumerating the
factors he considered. Appellant now argues that the trial court's
failure to enunciate its reasoning for finding the evidence admissible
under rule 403 constitutes reversible error.

 However, the court of criminal appeals has made it clear that a
trial court does not need to explain its application of the balancing test:

[a]ppellant complains that the trial judge did not explain his
reasoning in conducting the balancing test, and did not
require the prosecutor to articulate his reasons for opposing
appellant's motion to suppress. When asked whether he
had weighed the probative versus the prejudicial value of the
evidence, the trial judge stated firmly that he had done so. .
. [E]ven when the trial judge does not specify his reasons, on
matters of the admissibility of evidence, the court's decision
will be upheld if it is correct under any theory.


Santellan, 939 S.W.2d at 170 (citing Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990)). See Rojas v. State, 986 S.W.2d 241, 250
(Tex. Crim. App. 1998); Williams v. State, 958 S.W.2d 186, 195 (Tex.
Crim. App. 1997); Walker v. State, 4 S.W.3d 98, 103 (Tex. App.--Waco
1999, pet ref'd)(the trial court is not required to place the results of its
balancing test on the record). The trial court is presumed to engage in
the required balancing test once a party objects on rule 403 grounds
and the court rules on the objection, unless the record indicates
otherwise. Rojas, 986 S.W.2d at 250; Santellan, 939 S.W.2d at 173;
Walker, 4 S.W.3d at 103. Because the record before us does not
indicate the trial court did not perform the required balancing test, we
overrule appellant's first issue.

2. Probative Versus Prejudicial Value


of Extraneous Offense Evidence



 By his second issue, appellant contends the trial court erred in its
determination that the probative value of the extraneous offense
evidence was not substantially outweighed by its prejudicial effect.

 Factors which should go into the rule 403 balancing test include:

(1) how compellingly the extraneous evidence serves to
make a fact of consequence more or less probable -- a
factor which is related to the strength of the evidence
presented by the proponent to show the defendant in
fact committed the extraneous offense;


(2) the potential the other offense evidence has to impress
the jury "in some irrational but nevertheless indelible
way;"


3) the time the proponent will need to develop the
evidence, during which the jury will be distracted from
consideration of the indicted offense; and


4) the force of the proponent's need for this evidence to
prove a fact of consequence, i.e., does the proponent
have other probative evidence available to him to help
establish this fact, and is this fact related to an issue in
dispute.


Santellan, 939 S.W.2d at 169 (citing Montgomery, 810 S.W.2d at 389-90). As the Santellan court stated:

We will reverse rarely and only upon a clear abuse of
discretion. However, we must do more than decide whether
the trial judge did in fact conduct the required balancing
between probative and prejudicial values; "the trial court's
determination must be reasonable in view of all relevant
facts."


 Id. (citations omitted); see Mozon v. State, 991 S.W.2d 841, 847 (Tex.
Crim. App. 1999).

 The extraneous offense evidence of appellant's long-term sexual
abuse of J.G. serves to make more probable a fact of consequence: his
intent to cause J.G.'s penis to contact appellant's anus. The evidence
presented by the State to show appellant committed the extraneous
acts was strong: (1) appellant confessed to the ongoing abuse both at
trial and in his statement to the police; and (2) J.G.'s mother testified as
to the amount of time her son spent alone with appellant, including
numerous overnight visits. "On the other hand, we note the repulsion
and horror of the general public toward offenses of this nature, which
could potentially affect the jury in an emotional way." See Santellan,
939 S.W.2d at 169 (referring to evidence of an extraneous offense of
abuse of a corpse). We note the amount of time the State devoted to
showing the extraneous offenses may be significant. However, we
conclude the evidence was of vital importance to the State's contention
that appellant intentionally or knowingly caused the sexual contact by
establishing the pattern of sexual abuse to which appellant had
accustomed the victim. In light of these facts, we hold the trial judge
did not abuse his discretion in concluding that the danger of unfair
prejudice did not substantially outweigh the probative value of this
evidence. Appellant's second issue is overruled.

4. Failure to Give Limiting Instruction at Time


Extraneous Offense Evidence was Admitted



 By his third issue, appellant contends the trial court erred by
failing to give the jury a limiting instruction at the time the extraneous
offense evidence was admitted. After his relevance and rule 403
objections were denied, appellant requested a limiting instruction be
given to the jury that the evidence of extraneous offenses was
admissible only for a limited purpose -- that appellant intentionally or
knowingly caused J.G.'s penis to contact appellant's anus. The trial
court refused to give the jury an instruction at that time, but included
the instruction in the jury charge.

 Rule of evidence 105(a) requires that "[w]hen evidence which is
admissible as to one party or for one purpose but not admissible as to
another party or for another purpose is admitted, the court, upon
request, shall restrict the evidence to its proper scope and instruct the
jury accordingly . . . ." Tex. R. Evid. 105(a). Limiting instructions are
intended to curb the improper use of evidence and should do so as
effectively as possible; logic demands that they should be given at the
first opportunity. Rankin v. State, 974 S.W.2d 707, 712 (Tex. Crim.
App. 1996). The trial court errs when it refuses a simultaneous limiting
instruction when evidence is admitted for a limited purpose. Id. We
hold the trial court erred in refusing appellant's request for a limiting
instruction at the time the extraneous offense evidence was admitted.

 We must next determine the standard of appellate review for such
an error. The right to a simultaneous limiting instruction is not granted
in either our state or federal constitutions. It is a right created by rule
of evidence 105(a). Therefore, the erroneous denial of this right is not
the denial of a constitutional right, and must be reviewed under rule of
appellate procedure 44.2(b): "Any other error, defect, irregularity or
variance that does not affect substantial rights must be disregarded." 
Tex. R. App. P. 44.2(b); accord, Mendiola v. State, 955 S.W.2d 175, 182-83 (Tex. App.--San Antonio 1999, pet. granted on another issue). A
"substantial right" is a right "affected when the error had a substantial
and injurious effect or influence in determining the jury's verdict." King
v. State, 953 S.W.2d 266, 270-71 (Tex. Crim. App. 1997); Barrera v.
State, 10 S.W.2d 743, 746 (Tex. App.--Corpus Christi 2000, no pet. h.). 
A criminal conviction should not be overturned for non-constitutional
error if the appellate court, after examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but a
slight effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998).

 Here, we conclude the trial court's failure to give a limiting
instruction at the time of the admission of the extraneous offense
evidence did not affect appellant's substantial rights. The court gave
the jury a limiting instruction in the jury charge, and the jury is
presumed to have obeyed the charge. Lopez v. State, 990 S.W.2d 770,
779 (Tex. App.--Austin 1999, no pet.). Furthermore, in its case-in-chief,
the State also presented: (1) a police officer who testified about
appellant's statement, which admitted the long term, repetitive nature
of his sexual abuse of the victim, and (2) J.G.'s mother, who testified
about her son's outcry (which referred to the length of time the abuse
had been going on). Appellant's statement to the police was also
introduced into evidence. Appellant did not object to the evidence of
extraneous offenses contained in the testimony of these witnesses, or
in the statement. Appellant himself testified that the sexual abuse
began shortly after he met J.G., and described the specifics of the
abuse.

 On these facts, we hold the error did not have a substantial and
injurious effect or influence in determining the jury's verdict. See King,
953 S.W.2d at 270-71. Appellant's third issue is overruled.

C. Jury Charge Error


 By his fourth issue, appellant contends the trial court erred by
authorizing the jury to find appellant guilty of aggravated sexual assault
of a child under the age of fourteen years of age if it found the charged
offense occurred during a period of time that the victim was fourteen.

 The pertinent portion of the charge states:

 You are instructed that the State is not bound by the
specific date alleged in an indictment. The date of the
offense as alleged is immaterial provided that the offense
was comitted [sic] prior to the filing of the indictment, in this
case being January 13, 1999, and within the period of the
limitations, in this case being ten (10) years. Therefore it is
sufficient in this case, if the actual date of the offense was
anytime before January 13, 1999, and after January 13,
1989. 


A necessary element of the offense of aggravated sexual assault of a
child is that the child victim is younger than fourteen years of age. Tex.
Pen. Code Ann. art. 22.021(a)(1)(B)(Vernon 2000). The victim testified
that his date of birth was December 25, 1983, and he turned fourteen
on December 25, 1997. Thus, this portion of the jury charge can be
read to authorize the jury to convict appellant of aggravated sexual
assault of a child under the age of fourteen years, if the offense occurred
during a time when the victim was already over the age of fourteen
years, and is, therefore, erroneous.

 Generally, an erroneous or incomplete jury charge is reviewed
under article 36.19 of the code of criminal procedure,(2) which does not
implicate state or federal constitutional rights, and Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984), which held that charge
error falls within two categories: "fundamental error and ordinary
reversible error." Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981);
see also Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). 
However, appellant contends this charge error is constitutional error
and should be analyzed under rule of appellate procedure 44.2(a): 

If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review,
the court of appeals must reverse a judgment of conviction
or punishment unless the court determines beyond a
reasonable doubt that the error did not contribute to the
conviction or punishment.


Tex. R. App. Proc. 44.2(a). A jury charge error can amount to a
constitutional due process violation, but this occurs only if there is a
reasonable likelihood that the jury understood the instructions to allow
conviction on proof insufficient to meet the Winship(3) standard. Barrera
v. State, 982 S.W.2d 415, 416-17 (Tex. Crim. App. 1998); Gutierrez v.
State, 8 S.W.2d 739, 746 (Tex. App.--Austin 1999, no pet.) (charge
error offends the federal constitution when, examining the charge as a
whole, "there is a reasonable likelihood that the jury understood the
instruction to all conviction on proof insufficient to meet the [beyond a
reasonable doubt standard]"); see also Mann v. State, 964 S.W.2d 639,
641-42 (Tex. Crim. App. 1998)(analyzing charge error for constitutional
error by examining the error in the context of the entire charge). The
question in this case is, therefore, whether there is a reasonable
likelihood that the jury understood the erroneous charge as a whole to
allow conviction of appellant on a charge of aggravated sexual assault
of the victim for an act that happened when the victim was fourteen
years old.

 After reviewing the charge as a whole, we do not find that this
error rises to the level of a violation of appellant's due process rights. 
The indictment alleges the charged offense occurred on or about
January 27, 1997, when it is undisputed that the victim was thirteen
years old. The jury charge states, in relevant part, as follows: 

 The [appellant], Carlos Guevara, Jr. stands charged by
indictment with the offense of Aggravated Sexual Assault of
a Child, alleged to have been committed on or about the
27th day of January, 1997 in Cameron County, Texas.


* * * * *



2.


 A person commits aggravated sexual assault if the
person commits sexual assault as defined in paragraph 1,
above, and the child is younger than fourteen (14) years of
age.


3.


 Before a conviction would be warranted, for
Aggravated Sexual Assault of a Child, it must be shown by
the evidence beyond a reasonable doubt that the accused
intentionally or knowlingly [sic] caused the sexual organ of
[J.G.] to contact the anus of Carlos Guevara, Jr., and that
[J.G.] was then and there a child younger than fourteen (14)
years.


* * * * *



5.


 Now, if you find from the evidence beyond a reasonable
doubt that on or about the 27th day of January, 1997, Carlos
Guevara, Jr., did then and there intentionally or knowingly
cause the sexual organ of [J.G.], a child who was then and
there younger than 14 years of age and not the spouse of
the defendant, to contact the anus of Carlos Guevara, Jr.,
then you will find the defendant guilty of the offense of
Aggravated Sexual Assault of a Child as alleged in the
indictment.


Viewing the jury charge as a whole, we conclude there is no reasonable
likelihood that the jury understood the erroneous charge to allow
conviction of appellant, if J.G. was over fourteen years of age when the
charged act took place. Therefore, we hold there has been no violation
of appellant's constitutional right to due process.

 Furthermore, appellant did not object to the erroneous portion of
the jury charge, and it is well-settled that an appellant who complains
on appeal of a unobjected-to, non-constitutional jury charge error will
obtain a reversal only if the error is so egregious and created such harm
that he has not had a fair and impartial trial. Barrera, 982 S.W.2d at
417; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
It must "go to the very basis of the case," deprive the accused of a
"valuable right," or "vitally affect his defensive theory." Almanza, 686
S.W.2d at 172. In making that determination, the appellate court
should review the evidence presented at trial, along with "any other
part of the record as a whole which may illuminate the actual, not just
theoretical, harm to the accused." Id. at 174.

 The jury charge in this case states that the appellant was charged
with an offense constituting aggravated sexual assault of a child that
occurred on or about January 27, 1997; this date was referenced twice
in the charge. The correct definitions of the charged offense and
reasonable doubt are set forth in the charge, and the law is correctly
applied to the facts of the case, as detailed above. Setting the charge
in the context of the evidence presented at trial, testimony centered
around sexual acts that occurred on or about January 27, 1997, or
before that date. Both the victim and his mother testified that they
deduced the date of the charged offense by checking records as to the
date appellant first babysat the victim when his mother had to go out
of town for job training. Appellant himself testified to an act of anal
intercourse with J.G. while he babysat J.G. while J.G.'s mother was
out of town, and that it "could have" been on January 27, 1997. 
Appellant also admitted allowing the sexual organ of a child younger
than fourteen years of age to contact his anus. While there were
several brief references to the fact that appellant's sexual abuse of the
victim continued until the summer of 1998 (when the victim was
fourteen), we hold that, in light of the evidence presented at trial and
the jury charge as a whole, there is no reasonable likelihood the jury
convicted the appellant for a sex act occurring after the victim turned
fourteen. Therefore, this jury charge error did not cause appellant
egregious harm. Under these facts and circumstances, we hold there
is no egregious error. Appellant's fourth issue is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 17th day of August, 2000.

1. Now revised and combined with the old Rules of Civil Evidence into the
current Texas Rules of Evidence, effective March 1, 1998.
2. "Whenever it appears by the record in any criminal action upon appeal that
any requirement of Articles 36.14, 36.15, 36.16. 36.17 and 36.18 has been
disregarded, the judgment shall not be reversed unless the error appearing from the
record was calculated to injure the rights of defendant, or unless it appears from the
record that the defendant has not had a fair and impartial trial. All objections to the
charge and to the refusal of special charges shall be made at the time of the trial."
3. In re Winship, 397 U.S. 358, 364 (1970)(State must prove all elements of
charged offense beyond reasonable doubt in order to obtain conviction in accordance
with due process clause).