NO. 07-02-0493-CR


NO. 07-02-0495-CR


NO. 07-02-0496-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 23, 2003



______________________________




JOHN DALE HARVEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE A47TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,280-A; 37,611-A; 41,935-A HONORABLE JOHN T. FORBIS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to plea agreements, appellant John Dale Harvey was granted deferred
adjudication for aggravated assault in cause number 40,280-A and for assault against a
family member in cause number 41,935-A. His punishment was assessed at ten years
community supervision in each cause. In cause number 37,611-A, appellant had been
convicted of possession of a controlled substance and placed on community supervision
for ten years. After hearing evidence of violations of the conditions thereof, his community
supervision was revoked and punishment was assessed at ten years confinement. By two
points of error, appellant contends (1) the trial court erred in granting the State's oral
request to bifurcate the hearing and conduct a punishment hearing following the
revocation/adjudication portion of the proceeding without notice, and (2) he was denied
due process by not being allowed a proper punishment hearing. Based upon the rationale
expressed herein, we affirm.

 Only the facts necessary to disposition of appellant's points of error will be
discussed. During the hearing on the State's motions to proceed with adjudications of guilt
and to revoke community supervision the prosecutor orally requested that the trial court
proceed with the punishment phase immediately following presentation of the evidence on
its motions. Defense counsel objected based on lack of notice and also alleged due
process violations. The objection was overruled and following the trial court's ruling on the
adjudications and revocation, the punishment phase commenced. Following his
convictions, appellant filed motions for new trial in all three causes alleging his due
process rights were violated because he was not prepared for the punishment phase and
did not receive proper notice. By the motions, appellant did not allege what evidence, if
any, he would have presented during punishment had he known the trial court would have
immediately proceeded to the punishment phase following its ruling adjudicating him guilty
in two of the causes and revoking his community supervision in the third.

 By his two points, appellant argues the prosecutor's oral request to "bifurcate" the
proceeding, which she conceded is something "we normally don't do" violated his due
process by denying him a proper punishment hearing. We disagree. Article 42.12, section
5(b) of the Texas Code of Criminal Procedure provides "[a]fter an adjudication of guilt, all
proceedings, including assessment of punishment . . . continue as if the adjudication of
guilt had not been deferred." (Emphasis added). Article 42.12, section 23(a) provides "[i]f
community supervision is revoked after a hearing . . . the judge may proceed to dispose
of the case as if there had been no community supervision . . . ." Appellant does not
reference any authority and we have found none requiring notice to a defendant when the
punishment phase is to commence following the trial court's ruling. (1) 

 A defendant is entitled to a punishment hearing following the adjudication of guilt
or revocation of community supervision and must be allowed an opportunity to present
evidence. Issa v. State 826 S.W.2d 159, 161 (Tex.Cr.App. 1992); see generally McNew
v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. [Panel Op.] 1978) (holding that only one
hearing is necessary to afford a defendant due process of law and that once the trial court
enters an adjudication of guilt, it can immediately proceed with assessment of punishment). 

 In the instant case, after the State's punishment evidence was presented, defense
counsel announced he had no questions, and following the State's announcement that it
was resting, defense counsel also rested. He did not request a continuance nor allege in
the motions for new trial what mitigating punishment evidence, if any, he would have
presented. Issa left no doubt that after the adjudication or revocation portion of a hearing,
"the court must then conduct a second phase to determine punishment." See Lopez v.
State, 96 S.W.3d 406, 411 (Tex.App.-Austin 2002, pet. ref'd), citing Issa, 826 S.W.2d at
161. We conclude the trial court did not err in proceeding to the punishment phase of the
hearing following its ruling to adjudicate appellant guilty in two causes and revoke his
community supervision in the third, and that appellant's due process rights were not
violated. Points of error one and two are overruled.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice

Do not publish.


1. Although article 37.07(g) of the Texas Code of Criminal Procedure requires notice
of intent to introduce extraneous offenses upon a defendant's timely request, the record
herein reflects that the State did not intend to introduce any evidence of extraneous
offenses and that no request was made by appellant.


. 26.05(g) (Vernon Supp. 2006);
Curry, 853 S.W.2d 40, 43 (Tex.Crim.App. 1993) (dispute over a district judge's authority
to enforce order recouping attorney fees is a criminal law matter). Therefore, to determine
if this court has jurisdiction, we look to our authority in criminal matters to determine how
we have jurisdiction to review the trial court's order withdrawing funds from appellant's
inmate trust account.

 A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996)
overruled on other grounds by State v. Medrano, 67 S.W.3d 892 (Tex.Crim.App. 2002). 
Jurisdiction is the power of the court over the subject matter of the case, conveyed by
statute or constitutional provision. See id. The right to appeal is conferred by the
legislature, and a party may appeal only that which the legislature has authorized. See
Galitz v. State, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). A court has jurisdiction to
determine whether it has jurisdiction. Roberts, 940 S.W.2d at 657; Olivo v. State, 918
S.W.2d 519, 523 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction
sua sponte. Roberts, 940 S.W.2d at 657. For, unless a court has jurisdiction over a
matter, its actions in the matter are without validity. Roberts, 940 S.W.2d at 657 n.2. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). An untimely notice of appeal fails to invoke the jurisdiction of the appellate
court. See Olivo, 918 S.W.2d at 523. The appellate court then has no jurisdiction over the
appeal and must dismiss the matter. Id. To appeal a criminal matter, the notice of appeal
must be filed within 30 days after the trial court enters an appealable order. Tex. R. App.
P. 26.2. The only appealable order in this case is the 2003 judgment that included the
assessment of the court costs. (3) Since appellant's notice of appeal is more than 30 days
after the date of the judgment, we conclude that the notice is untimely. We have not found
authority allowing us to review a withdrawal order issued under section 501.014(e) of the
Texas Government Code.

 Therefore, we conclude that we must dismiss the appeal for want of jurisdiction. 


 Mackey K. Hancock

Justice

Publish.
1. For purposes of this opinion, we grant appellant's motion for extension of time to
file notice of appeal and we find that said notice of appeal would have been timely if the
withdrawal order were an appealable order.
2. In interpreting statutes, our focus is on the literal text of the statute in an effort to
discern the fair objective meaning. See Hernandez v. State, 861 S.W.2d 908, 909
(Tex.Crim.App. 1993). "[T]he Legislature is constitutionally entitled to expect that the
Judiciary will faithfully follow the specific text that was adopted." Id. (quoting Boykin v.
State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). If the Legislature had wanted
additional safeguards and procedures in the process of recouping court costs and fees,
they could have done so. Compare Tex. Gov't Code Ann. §§ 500.002 (Vernon 2004)
(requiring Department to establish procedures protecting due process rights of inmate
against withdrawal of funds from inmate trust account for property damage) and 501.063
( requiring Department to establish procedures informing inmate that medical copay will be
deducted from inmate trust account) with 501.014.
3. The appellate court in Abudullah questioned the finality of the assessment of costs
within the judgment because the judgment did not contain an assessment of court costs
though the trial court later issued an order seeking $1,517.25 from the inmate's trust
account as reimbursement. See Abdullah, 211 S.W.3d at 940. In the case before us, the
judgment does in fact contain an assessment of court costs and attorney fees equal to the
amount sought by the order withdrawing funds from appellant's inmate trust account.